Opinion by
Jacobs, J.,
This appellee was charged with driving his automobile on February 1, 1967 at a speed of 81 miles per hour on the Pennsylvania Turnpike where the speed limit was 65 miles per hour. He was charged with a violation of section 1002(b) (7) of The Vehicle Code, Act of April 29, 1959, 75 P.S. §1002(b) (7), and found guilty before a justice of the peace. The Secretary of Revenue suspended appellee’s operator’s license for a period of 75 days. On appeal from this suspension the lower court heard the case de novo and reversed the secretary. At the hearing the Commonwealth produced records of two prior violations, showing that on September 27, 1966, the appellee was convicted of an improper pass for which he received three points, and that on December 1, 1966, he was convicted of going through a traffic signal for which he received five points making a total of eight points. Appellee then attended driver improvement school and received one point credit, reducing his total points to seven. He was assigned six points for the present violation giving bim a total of 13 points. The appellee in the latest *371 violation having exceeded the speed limit by 16 miles per hour, the secretary applied section 619.1(b) and suspended his license for 15 days and also applied section 619.1 (i) and (k) and suspended his license for 60 days as a first suspension for accumulating 11 or more points, thus giving him 75 days suspension.
This case is controlled by our decision in Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). In Virnelson we held that a driver whose operator’s license is suspended under section 619.1 of The Vehicle Code has a right of appeal to the court of common pleas, but that the appeal is limited to determining whether the driver was convicted and whether the secretary properly computed points and applied the mandatory provisions of section 619.1.
Here the Commonwealth produced the records of convictions and the appellee does not deny that he was convicted in each case. Nor is there any contention that the secretary improperly computed the points, or improperly applied the suspension penalties of section 619.1.
The court below heard testimony that appellee’s accelerator pedal stuck and felt that the suspension was not justified because of this fact. In our opinion the court below could not reverse on this ground. The scope of the appeal does not permit consideration of the merits of the suspension. Once the court has found that the driver was convicted and that the secretary has made no error in applying section 619.1 of The Yehiele Code, the suspension must be affirmed. The order of the court below is reversed and the order of the Secretary of Revenue is reinstated.