Criswell Motor Vehicle Operator License Case.

Argued March 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

No oral argument was made nor brief submitted for appellee.

Opinion by Jacobs, J., June 22, 1971:

This case involves a Commonwealth appeal from the order of the court below reversing an order of suspension of appellee's license by the Secretary of Revenue.

Appellee was convicted of reckless driving on April 30, 1968. The offense occurred on March 21, 1968, at a time when appellee was under 18 years of age and possessed a junior operator's license. On August 11, 1969, following a departmental hearing, appellee's license was suspended for a six-month period, effective August 26, 1969, pursuant to §604.1(a) and (d) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §604.1(a) and (d). On the effective date of this suspension, appellee was 18 years of age and possessed a regular operator's license which had been issued to him on May 31, 1968.[1]

The lower court, in setting aside this suspension, held, as a matter of law, that the action of the secretary (1) in delaying the suspension action[2] and (2) suspending the license after the operator turned 18 was arbitrary, capricious, and an abuse of discretion. We reverse.

Section 604.1(a) of The Vehicle Code provides for the issuance of a junior operator's license for persons between the ages of 16 and 18. It further provides that "[i]n addition to the other provisions of this act [The Vehicle Code] relating to the suspension or revocation

---

[1] Appellee became 18 on May 15, 1968.

[2] Seventeen months elapsed between the date of the offense and the effective date of the suspension. Actually, a little more than 15 months elapsed between the date of conviction and the date on which action on the suspension was taken. Also, during the elapsed time, appellee received a suspension for an unrelated offense which expired March 16, 1969.

of operating privileges, in the event that a licensed junior operator . . . *is convicted of any violation* of 'The Vehicle Code' . . . the secretary may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, *or for any other period of time.*" (Emphasis added.) This section also provides that a junior license automatically becomes a regular license when the person holding such license attains 18 years of age.

For violations committed while a person possesses a regular operator's license the secretary no longer has the power of suspension for certain violations of The Vehicle Code. Rather, §619.1, 75 P.S. §619.1, sets forth a point system whereby points are assigned for these violations.[3]

Appellee contends in effect that, because he was 18 years of age and possessed a regular operator's license when the suspension was imposed, the secretary could only assign points under §619.1 and not order a suspension under §604.1. However, in *Angelicchio Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 409, 249 A.2d 788 (1968), we held to the contrary There President Judge WRIGHT, dealing with a situation where a 17-year-old with a junior operator's license was convicted of speeding and had his license suspended after he turned 18 and possessed a regular operator's license, stated: "Although Angelicchio's offense occurred after the effective date (July 24, 1966) of the amendment to The Vehicle Code establishing the point system, the action of the Secretary of Revenue in ordering a suspension, rather than an assignment of points, was proper under the provisions of Section 604.1 . . . which authorizes suspension of the driving privilege of a junior operator convicted of speeding or

---

[3] Thus a person convicted of reckless driving, as was appellee, would have five points assigned to his record.

any other violation." *Id.* at 410, 249 A.2d at 789 (Footnote 1).[4] It is the date of conviction which controls rather than the date the secretary acts on the conviction, and the secretary may suspend a regular operator's license pursuant to the provisions of §604.1 for violations of The Vehicle Code occurring while that person possessed a junior operator's license. To hold otherwise would render the suspension provisions of §604.1 for junior operators practically meaningless if a junior operator were near the age of 18. Furthermore, we find no language in §619.1 which limits the secretary's power to suspend under §604.1 for violations occurring while a person possesses a junior license; nor does §604.1 either limit the time in which the suspension can be imposed or make a distinction between suspending a junior license or regular license so long as the violation occurred while the license holder possessed a junior license.

The lower court further held *as a matter of law* that, in view of the delay between the date of the reckless-driving conviction and subsequent suspension, the action of the secretary was arbitrary, capricious, and an abuse of discretion; this is clearly error. In *Heller Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 340, 343, 175 A.2d 305, 306 (1961), this Court stated: "The mere passing of time between the convictions and the suspension, standing alone, is not a reason for the court to set aside the action of the secretary." In *Heller,* 21 months had passed between the time of the convictions and the effective date of the suspension. In *Angelicchio,* supra, the Court tacitly

---

[4] Numerous lower court decisions have also held that §604.1 controls for a violation occurring before 18 years of age but not acted upon until after age 18. See *Commonwealth v. Goslin,* 18 Ches. Co. Rep. 13 (1969) ; *Rossman License,* 47 D. & C. 2d 772 (1969) ; *Toth License,* 47 D. & C. 2d 299 (1969) ; *Commonwealth v. Senft,* 82 York 43 (1968) ; *Blair License,* 44 D. & C. 2d 26 (1967).

approved an 18-month interval between the conviction and suspension.  Thus, this Court has recognized that administrative delays, particularly with no showing of prejudice, will not void an order of suspension.  It is clear that the delays were not unreasonable as a matter of law.

Furthermore, nowhere in The Vehicle Code is there a statute of limitations setting a time within which the secretary must suspend.  Appellee's petition to the lower court sets forth no harm or prejudice to him caused by the secretary's delay.  Thus, we hold that the delay between the time of the offense and date of suspension is not unreasonable on the facts presented in this case.

The order of the court below is reversed and the order of suspension imposed by the Secretary of Revenue is reinstated.