## Commonwealth *v.* Kurtek.

Argued April 20, 1971, before Judges WILKINSON, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Duane LeBaron, Jr.,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MANDERINO, July 21, 1971:

The Commonwealth of Pennsylvania appeals from an order of the Court of Common Pleas of Allegheny County which restored the motor vehicle operating privileges of Louis John Kurtek, Jr. Kurtek's operating privileges had been suspended for a period of one month.

Kurtek was convicted on July 10, 1969, of reckless driving. Following a departmental hearing, a suspension of one month was imposed, effective July 16, 1970. At the time of the reckless driving, Kurtek was seventeen years of age, and was operating the motor vehicle under a junior operator's license. At the time the suspension was imposed in 1970, Kurtek was over the age of eighteen, and his motor vehicle operating privileges were based on a regular operator's license.

The lower court held that the operating privileges of an individual could not be suspended after the individual attains the age of eighteen for a violation which occurred when the individual was seventeen years of age.

The Commonwealth has complained that the Court of Common Pleas did not comply with Rule 23 of the Rules of the Commonwealth Court in that the lower court did not make any findings of fact. We note, however, that Rule 23 states that the judge shall forthwith file of record a brief statement of the reasons for his opinion if the reasons "do not already appear of record". In this case the record before us indicates that the judge specified his reasons quite clearly.

We must reverse the lower court, however, because we do not agree that the one month suspension in this case was not legally authorized.

The relevant portion of the Motor Vehicle Code reads as follows: ". . . in addition to the other provisions of this Act relating to the suspension or revocation of operating privileges, in the event that a licensed junior operator . . . pleads guilty, nolle contendere or is convicted of any violation of 'the Vehicle Code', the Secretary may after a hearing suspend the operating privileges of such a junior operator until he has reached the age of eighteen (18) years or for any other period of time. A junior operator's license shall automatically become a regular operator's license when the licensee reaches the age of eighteen (18) years. . . ." Act of April 29, 1959, P. L. 58; 75 P.S. 604.1(a).

We agree with the Commonwealth's contention that the Secretary may suspend the *operating privileges* of an individual after he has reached the age of eighteen years even though the violation occurred when the individual was under the age of eighteen years. The quoted section does not state that the Secretary can only suspend the junior license—it states that the Secretary may suspend "the operating privileges" of such junior operator. In addition, the section states that the operating privileges can be suspended until he has reached the age of eighteen years, *or for any other period of time*. The language, *"or for any other period of time"* would be absolutely meaningless if the Secretary were limited in suspending the operating privileges of a junior operator only until he reached the age of eighteen years.

We cannot interpret the section as if the words *"or for any other period of time"* were not there. In this case the Secretary suspended the operating privileges of Kurtek after he had attained the age of eighteen years. This is specifically authorized by the above section.

The Commonwealth has cited opinions in the courts of common pleas giving this interpretation to the above section and we agree with these courts. *Blair Automobile License Case,* 17 Bucks Co. L. Rep. 354; 44 D. & C. 2d 26 (1967); *Commonwealth v. Laslo,* No. 172 August Term, 1969, C.C.R. of Northampton County; *Commonwealth v. Rossman,* 6 Centre County 237, 47 D. & C. 2d 772 (1969). Any other interpretation would not be reasonable.

The decision of the lower court is reversed.