Department of Transportation *v.* Kaufman.

Submitted on briefs November 10, 1971, to Judges WILKINSON, JR., MENCER, and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Mark D. Prather,* for appellee

OPINION BY JUDGE ROGERS, December 16, 1971:

The Commonwealth has appealed from an order of the Court of Common Pleas of Crawford County sustaining the appeal of Daniel F. Kaufman from the action of Secretary of the Department of Transportation suspending his operator's license.

The court below sustained the appeal because it concluded that the Secretary committed an abuse of discretion in ordering a suspension based upon a conviction which had occurred more than two years previously. The facts are: (1) Kaufman's license was suspended on August 16, 1968 for one year for driving while under suspension; (2) before it was restored, Kaufman's license was suspended for a further period of one year for the same offense; (3) the license was restored on September 29, 1970 after the operator took and passed a special examination as to his competency;

(4) on December 18, 1970, Kaufman's license was again suspended for a total of 120 days, 30 of which were for a speeding conviction of August 29, 1968, in accordance with Section 619.1(b)[1] of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. 619.1(b), and 90 days pursuant to 619.1(i)[2] because of an asserted accumulation of 11 points. The 11 points were apparently the sum of five points assigned upon restoration of his license after suspension and six points assigned for the speeding conviction of August 29, 1968.

We affirm the action of the court below as to the 90 days suspension because the Secretary incorrectly applied points to appellee's record pursuant to Section 619.1 of the Code. Subsection (b) of Section 619.1 requires the Secretary to assign points as of the date of the conviction of the offense. Subsection (m) provides that "Upon the restoration of driving privileges of any person whose operator's license or learner's permit has been suspended pursuant to this Act, such person's record shall show five (5) points. . . ." If the Secretary had done as he was required, the six points for the August 29, 1968 conviction would have been assigned at that time. When Kaufman's license was restored on September 29, 1970, his record should have shown only five points. The assignment at that time of 11 points, six of which were for a speeding conviction recorded long before the date of restoration, was contrary not only to the plain mandate of subsection (m), but also, as we have been informed by counsel for the

---

[1] For operating a vehicle at a speed from 21 to 29 miles per hour in excess of the legal limit. Whether the second suspension for operating while under suspension was based on this driving incident is unrevealed in the record before us.

[2] Section 619.1(i) reads: "When any person's record shows an accumulation of eleven (11) points, the secretary shall suspend such person's operator's license or learner's permit."

Department of Transportation, the practice of the Secretary. The 90 day suspension cannot stand.

The 30 days suspension came more than two years after the offense and more than three months after Kaufman's license was restored following more than two years of suspension. The court below held that the Secretary committed an abuse of discretion in imposing the statutory mandate of a 30 day suspension at this late date. The Secretary argues that he has no discretion because the Code mandates the suspension. There is thus placed squarely before us the question of whether action of the Secretary short of a mathematical mistake in the application of the point system can justify the trial court's reversal of a suspension imposed by the statute. *Virnelson Motor Vehicle Operator's License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968) holds that the court has no power to reverse a mandatory suspension imposed by 619.1 because the deprivation of driving privileges imposes hardship upon the operator. *Romm Motor Vehicle Operator License Case,* 212 Pa. Superior Ct. 369 (1968) holds that the court may not reverse the Secretary in a 619.1 case requiring suspension because of mitigating circumstances in the conviction. Here, however, the operator's complaint is not that he suffers hardship because he will have no license for 30 days or because the circumstances of his conviction were such as to merit leniency. Rather, his argument is, or should be, that the Secretary may not levy the suspension, though mandated by statute at a time of the Secretary's unfettered choosing. While *Virnelson* and *Romm, supra,* hold that there is no discretion vested in the Secretary as to whether a license should be suspended under the pertinent provisions of Section 619.1, they do not hold that the Secretary may invoke the suspension at his leisure. The operator, as all citizens of the Commonwealth, may expect that the Secretary will administer

Section 619.1 with reasonable efficency and without delay hurtful to persons subject to its provisions. Indeed, in *Virnelson* Judge JACOBS writes "the lower court will merely determine whether there has been a compliance with Section 619.1" and in *Romm* that the appeal is limited, *inter alia*, to determining whether the Secretary "properly . . . applied the mandatory provisions of Section 619.1." We believe that the Secretary improperly applied the statute in this case. When the Secretary takes any action with regard to an operator's license whether of restoration, revocation or suspension, such action should reflect the whole of the relevant record then before the Secretary.

*Heller Motor Vehicle Operator's License Case,* 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961) is not authority to the contrary of our conclusion here. That case held that the passing of time between conviction and suspension standing alone was no reason for setting aside the Secretary's action. Here the passing of time did not stand alone. In pursuit of a restoration of his license and at the direction of the Secretary, Kaufman took and passed a special examination as to his competency and, while the record is silent on the point, certainly provided proof of financial responsibility as required by Section 1417 of the Code, 75 P.S. 1417. Three months later and on account of an offense, a record of which had been in the Secretary's file for more than two years, he was again deprived of his operating privileges.

Recognizing that the administration of the Code's licensing provisions is difficult, tedious and peculiarly susceptible to error, we are impelled, nevertheless, to agree with the court below that in the circumstances here presented Kaufman's license was not subject to further suspension in December of 1970. While the Legislature's requirement of suspension under Section 619.1(b) may not be set aside by the court on the

ground of abuse of administrative discretion, the action of the Secretary in choosing the time when he will cause the statute to be invoked is subject to review by the court hearing the case de novo. *Handwerk Automobile Case,* 348 Pa. 263, 35 A. 2d 289 (1944). We find no manifest abuse of the lower court's power of review of the *Secretary's action* in this case.

**Affirmed.**