## Silver Appeal

*Maurice Levin,* Assistant Attorney General, for Commonwealth.

*Samuel Glantz,* for appellant.

MOUNTENAY, J., January 20, 1972.—Joseph Silver has appealed from the order of the Secretary of Transportation suspending his operating privileges for a period of 90 days. After hearing de novo, we make the following

### FINDINGS OF FACT

1. Appellant, Joseph Silver, is a resident of Bucks County, Pa., and the holder of a Pennsylvania motor vehicle operator's license.

2. On March 7, 1967, appellant was convicted of violating section 1002(b) (4) of The Vehicle Code and was assigned six points under the provisions of section 619.1(b). As a result, he was required to attend driving school pursuant to section 619.1(f). Having successfully completed this course, he was credited with one point (ibid.), whereupon he had five points remaining.

3. On February 1, 1968, appellant was convicted of

a violation of section 1028(a), for which violation five additional points were assigned, resulting in a total of 10 points. Appellant was now required to undergo a special examination, and having ultimately failed the same, to wit, on October 13, 1970, five more points were assigned under section 619.1(f), resulting in a total of 15 points.

4. Having accumulated 15 points, a total of 11 or more as provided in section 619.1(i), appellant's operating privileges were suspended, as of November 12, 1970, for a period of 60 days, the period of suspension being prescribed in section 619.1(k). Privileges were restored on January 20, 1971. According to the records of the Department of Transportation, appellant's record as of the date of restoration showed five points, this being pursuant to the provisions of section 619.1(m).

5. Meanwhile, on March 13, 1968, appellant was convicted of a violation of section 1002(b) (7) which resulted in an assignment of six points under section 619.1(b). Accordingly, appellant was given notice under date of August 23, 1971 that he had accumulated 11 points and that his privileges were being suspended, effective September 7, 1971, for a period of 90 days under section 619.1(i) and 619.1(k). The basis for the computation of 11 points was the five points with which appellant began his period of restoration on January 20, 1970, plus the six points assigned as the result of the March 13, 1968 conviction. It is from this suspension that appellant appeals.

## DISCUSSION

Insofar as the present situation is concerned, the applicable provisions of section 619.1 of The Vehicle Code may be paraphrased as follows:

a. When an operator accumulates as many as six

points for the first time, he may be required, inter alia, to attend a driving clinic. Successful completion results in a credit of one point: Section 619.1(f).

b. When the operator's record (having previously shown six points or more) falls below six points and *for a second time* rises to six points or more, he may be required, inter alia, to take a special examination. No credit is given for "passing" the examination, but a "failure" results in five additional points being assigned: Section 619.1(g).

c. When an operator accumulates as many as 11 points, the Secretary is required to suspend: section 619.1(i). If this suspension be for the first time under the point system, its duration shall be for a period of 60 days: Section 619.1(k).

d. Whenever operating privileges are restored following suspension, irrespective of how many or how few points the operator's record showed prior to suspension, he begins his period of restoration with five points against him; that is to say, as of the date of restoration, an operator's record will show five points. Following restoration, the points are reduced at the rate of two points per year for each year the operator avoids further violations: Section 619.1(m).

Appellant argues that had the points he acquired by reason of the March 13, 1968, violation been assigned to him prior to the restoration of privileges following his November 12, 1970, suspension, this suspension would have expunged all accumulated points except for the five with which all "restorees" renew their driving careers under section 619.1(m). Had this been done, the suspension from which appellant is appealing could not have been imposed because the six points for the March 13, 1968, violation would have been among those expunged by the November 12, 1970, suspension.

The Commonwealth agrees that if the secretary had

sought to penalize the appellant for his March 13, 1968, conviction prior to the November 12, 1970, suspension, appellant would not have been subject to the present suspension. However, the Commonwealth argues that The Vehicle Code provides no period of limitations within which the secretary must take departmental action and that an operator must simply take his chances as to when the departmental records happen to "get caught up." For this proposition, the Commonwealth relies upon Criswell Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 170 (1971); Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340 (1961); and Cooper Automobile License Case, 18 Bucks L. Rep. 606 (1969). All of these cases hold that a suspension will not be revoked simply because a prolonged period of time intervened between the suspension and the conviction or offense upon which the suspension was based. None of these cases, however, dealt with a situation where, because of the secretary's delay, appellant would be required to undergo a period of suspension other than that which he would have undergone had the secretary acted promptly.

However, the basic consideration in the instant case is not whether the secretary took prompt action against appellant. Rather, the controlling issue is whether the secretary assigned the points to appellant's record as of the proper time. According to section 619.1(b) the secretary "shall assign [the points] to the record of such person as of the date of conviction of the offense" underlying the assignment of the points. Had the six points resulting from the March 13, 1968, conviction been assigned *as of that date*, appellant's record would have shown a total of 16 points as of March 13, 1968. In other words, there would have been six points from the March 7, 1967, conviction, minus

one for attending driving school, plus five for the February 1, 1968, conviction, plus six for the March 13, 1968, conviction. Further, upon failing the driving test on October 13, 1970, appellant would then have accumulated five additional points, or a total of 21.* Had the points been assigned in this manner, appellant would have entered upon his November 12, 1970, suspension with 21 points on his record. Had this been the case, appellant would not have been subject to the present suspension on the basis of an 11-point deficiency. This is for the reason that only five points would have remained on his record following restoration, these being the five "restoration points" under section 619.1(m). The six additional points arising out of the March 13, 1968, conviction upon which the secretary relied would have been expunged by reason of the November 12, 1970, suspension. We believe that the points should have been computed and assigned as described above. Again, The Vehicle Code does not limit the time within which the secretary must act, but it gives him no discretion whatever as to the date as of which the points must be assigned.

A similar situation arose in Nyman Motor Vehicle Operator License Case, 218 Pa. Superior Ct. 221 (1971), and the following quotation from page 226 of the opinion adequately sets forth the facts:

"Although the court below erred in setting aside the April 8, 1969, Clinton County conviction, it does appear that appellee is entitled to partial relief due to an erroneous computation of his point record. On appeal of a license suspension, an operator may show

---

* Possible credit for violation-free operation during 1969 was not taken into consideration in arriving at this figure.

that the computations of the secretary are incorrect. Virnelson, supra.

"Prior to April 7, 1969, appellee had a total of six points on his record. When he was convicted of the April 7, 1969, offense the secretary correctly assigned six additional points to appellee's record, and imposed the first suspension since the record showed a total accumulation of 12 points. After September 9, 1969, when appellee completed his first suspension, his points were reduced to five by virtue of §619.1(m). The secretary then imposed six points for the April 8, 1969, conviction and imposed a 90-day suspension for a second accumulation of 11 or more points under §619.1(k). This was improper because §619.1(b) requires points to be assigned to a person's record 'as of the date of conviction of the offense'; therefore, the 90-day suspension must be set aside. . . ."

Foltz License, 52 D. & C. 2d 760 (Centre County, 1971) presents an almost identical situation except that in Foltz the conviction (not the offense) for which the additional points were assessed actually occurred *during* the period of suspension. Nevertheless, the court held that the restoration of privileges wiped out all points accumulated to that date (even including those properly assignable during the period of suspension itself) except, of course, for the five points remaining after restoration as provided in section 619.1(m).

In view of the foregoing, the Secretary's computation did not conform with the provisions of section 619.1 of The Vehicle Code.

## ORDER

And now, January 20, 1972, the appeal is sustained, and the action of the Secretary of Transportation in suspending appellant's operating privileges is reversed.