## Commonwealth v. Schmick

*W. Hamlin Neely,* for appellant.

*Maurice Levin,* for respondent.

DAVISON, J., April 3, 1972.—Following the hearing on March 14, 1972, the court makes the following

## FINDINGS OF FACT

1. On September 4, 1969, petitioner, then 17 years of age and the holder of a Pennsylvania junior operator's license, pleaded guilty to reckless driving.

2. When petitioner turned age 18, he received in due course a regular Pennsylvania operator's license and thereafter, also in due course, received a second such license.

3. On December 14, 1971, a period in excess of 27 months after the disposition of the reckless driving charge, the petitioner for the first time received notification of the suspension of his operating priviliges on that charge, the suspension to be for a period of four months, to commence January 18, 1972.

4. In the intervening period of time which elapsed between the occurrence and the notice of suspension, petitioner has married, begun to raise a family and been continuously employed by the same employer for the last two years, requires the use of his automobile for work and, in addition thereto, has had no subsequent motor vehicle violations.

## DISCUSSION

The sole question before the court is whether under the facts of this case the more than 27-month delay between the disposition of the offense and the notice of suspension constitutes an abuse of discretion and is unreasonable as a matter of law.

Our review of the several recent cases pertaining to the question involved here, to wit, Criswell Motor Vehicle Operator Case, 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971), and Grosklos Motor Vehicle Operator License case, 219 Pa. Superior Ct. 179, 280 A. 2d 555 (1971), enables us to conclude therefrom the principle

that where a licensee can show harm or prejudice caused him by the delay of the Commonwealth in ordering suspension of his license, such suspension, after a protracted period of time, constitutes an abuse of discretion and is unreasonable as a matter of law. Specifically, in Criswell, the Superior Court held that where the driver failed to demonstrate harm or prejudice, a delay of 17 months between date of offense and effective date of suspension was not unreasonable. The court indicated that the mere passage of time, standing alone, is not enough reason to set aside the action of the secretary, apparently on the theory that administrative delays, particularly with no showing of prejudice, will not void an order of suspension.

In Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961), the Superior Court held that a 16-month delay between the offense and notice of suspension did not support the lower court's order reversing the suspension. However, there the record indicated that the operator was convicted of a number of motor vehicle violations and there was a problem of notice between the State of New Jersey and the Commonwealth of Pennsylvania. Criswell and Grosklos relied upon Heller, which we believe is distinguishable from the facts of the instant proceeding.

We have been unable to locate, nor has counsel brought to our attention, any cases in this Commonwealth where there has been a delay of the length here involved between the date of the disposition of the offense and the notification of suspension but since the outcome of this case does not require a determination of the specific question as to whether or not the elapse of some 27 months is, in itself, unreasonable as a matter of law, our decision is not intended and should not be regarded as precedent thereon.

We conclude that, based upon the uncontradicted

testimony before us, petitioner here has been prejudiced by the delay in that his entire status in life has changed since he was apprehended for reckless driving as a 17-year-old. He appears to now be a mature husband and father gainfully employed by the same employer for a period of some two years, who by reason of his employment requires the use of his motor vehicle privileges. Not only did the Commonwealth fail to suspend, but on at least two occasions, renewed petitioner's regular operating privileges. Moreover, we believe it is significant that no attempt whatsoever was made by the Commonwealth to put any evidence on the record by way of explanation for the delay in suspension. While it is true that one of the purposes of suspension of motor vehicle privileges is as a punishment or deterrent so as to have a salutory effect on the operator, can it in all fairness be stated that that purpose could be accomplished by suspension in this instance?

Accordingly, we hold that the petitioner has shown harm and prejudice by reason of the more than 27-month delay between the disposition of the offense and the notice of suspension, which, under the facts of this case and in the absence of any explanation by the Commonwealth to the contrary, constitutes an abuse of discretion.

## ORDER

Now, April 3, 1972, the appeal of Larry Oscar Schmick, petitioner, is sustained and the Department of Transportation is directed to forthwith rescind the suspension of petitioner's operating privileges based upon petitioner's plea of guilty to reckless driving on September 4, 1969.