## Frailey Appeal

*John E. Eberly*, for appellant.
*John J. Kennedy, Jr.*, for Commonwealth.

WOLFE, *P. J.*, November 6, 1972—For determination is whether the Secretary of Revenue acted properly in suspending appellant's operating privileges for a period of 90 days commencing September 14, 1972.

It is now well settled since the institution of the point system in this Commonwealth that the only matter the courts can consider on appeal from suspension is whether the secretary properly computed the driving points: Wall Motor Veh. Op. License Case, 212 Pa. Superior Ct. 376 (1968); Virnelson Motor Veh. Op. License Case, 212 Pa. Superior Ct. 359 (1968). Where a motor vehicle operator has his

license suspended under the point system he has a right of appeal to the court of common pleas but the appeal is limited to determining whether the operator was convicted and whether the secretary properly computed the points on the conviction: Romm Motor Veh. Op. License Case, 212 Pa. Superior Ct. 369 (1968).

The history of appellant's driving record and suspensions in the instant case is as follows:

| Date of Conviction | Section Violated | Violation | Action taken by Department | |
|---|---|---|---|---|
| 3/9/70 | 1002(b)(6) | Speed 76/55 | School Letter | 6 points |
| | | | Passed School | −1 |
| | | | Suspension 10/5/70 | |
| | | | Suspension 30 days | |
| | | | Restored 10/31/70 | |
| 8/12/71 | 1002(b)(6) | Radar Speed 67/55 | Exam Letter | 6 points |
| | | | Passed Exam | |
| | | | Suspension 1/11/72 | |
| | | | Suspension 60 days | |
| | | | Restored 3/10/72 | |
| | | | Suspension release | −6 points |
| 9/29/71 | 1002(b)(4) | Speed 40/25 | Interview Letter | 6 points |
| | | | Suspension 9/14/72 | |
| | | | Suspension 90 days | |
| | | | Restored 9/28/72 | |
| | | | Pending Appeal | _____ |
| | | | TOTAL | 11 points |

On this appeal appellant argues the conviction of August 12, 1971 and September 29, 1971 should be considered under the suspension of January 11, 1972, whereunder appellant's license was suspended for a period of 60 days and restored on March 10, 1972, thereby arguing the suspension of September 14, 1972, for a period of 90 days should not apply to him. Appellant argues the Commonwealth should have considered these suspensions together and not have waited from September 29,

1971, the date of appellant's third conviction, to September 14, 1972, the date of the third suspension for 90 days.

No cases have been submitted to the court on this point and there is no statutory authority limiting or compelling, as the case may be, the secretary to act in such manner.

Obviously the secretary could have invoked both suspensions at the same time if he had so elected. However, we do not see how the secretary could have avoided assessing the respective points for the respective second and third violations nor do we see how he could have avoided the two periods of suspensions of 60 days and 90 days respectively.

As the cases hold, this court cannot consider any matters except whether there was, in fact, a conviction, and second, whether the secretary properly assessed the points under section 619.1 of The Vehicle Code.

If there are laches or delay on the part of the Commonwealth, it is a legislative matter to compel the Commonwealth to act within a certain period of time to assess points and make a suspension following a conviction. Although we agree that the Commonwealth should act within a reasonable length of time, still, this is legislative in nature and not judicial. It is not for the court to set down a statute of limitations mandating when the secretary must act to assess points following a conviction.

For the foregoing reasons and as the law mandates, we find the secretary properly assessed the points for the violations occurring and therefore affirm the action of the secretary and make the following

## ORDER

And now, November 6, 1972, the action of the secretary suspending the driving privileges of Jeffrey Lee Frailey for a period of 90 days commencing

on September 14, 1972, for his conviction of section 1002(b)(4) on September 29, 1971, is sustained and the supersedeas granted by the court on September 25, 1972, is terminated and the suspension imposed is invoked.

Exceptions to appellant.