## Commonwealth *v.* Kroh.

Submitted on briefs September 12, 1972, to Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Eugene J. Brew, Jr.,* with him *Dale and Brew,* for appellant.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 6, 1972:

This case involves an appeal by Terry Bruce Kroh (Kroh) from an order of the court below affirming an order of suspension of Kroh's license by the Secretary of Transportation (Secretary).

Kroh was convicted of speeding on May 24, 1968. This offense occurred on May 13, 1968, at which time Kroh was under the age of 18 and possessed a junior operator's license. Previous to this offense, Kroh had been suspended by the Secretary on two other occasions, once for driving too fast for conditions, and once for failure to give proper signals. On June 24, 1970, after a departmental hearing on April 3, 1970, Kroh's license was suspended for an eight-month period pursuant to Section 604.1 (a) and (d) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §604.1 (a) and (d). Kroh was 19 years of age at the time of the suspension and possessed a regular operator's license (Kroh became 18 on December 14, 1968).

Counsel for Kroh concedes that the Secretary may suspend a regular operator's license for an offense which occurred before the operator's eighteenth birthday while the operator held a junior operator's license.

*Commonwealth v. Kurtek,* 2 Pa. Commonwealth Ct. 597, 280 A. 2d 122 (1971). Kroh's only argument is that the Secretary may not wait two years and one month after the conviction to suspend the license for the offense.

The delay in this case indeed seems unduly long. In mitigation, Kroh was apprehended for another speeding violation on November 26, 1968. Inexplicably, he was not effectively suspended for this violation until September 10, 1969, his license being restored on December 9, 1969. The Secretary, at the time this three-month suspension was imposed, should have simultaneously acted on the previous conviction of May, 1968. "When the Secretary takes any action with regard to an operator's license whether of restoration, revocation or suspension, such action should reflect the whole of the relevant record then before the Secretary." *Department of Transportation v. Kaufman,* 3 Pa. Commonwealth Ct. 605, 609, 284 A. 2d 838, 840 (1971).

Reprehensible as this delay may be, Section 604.1 does not limit the time in which the suspension can be imposed, and nowhere in The Vehicle Code is there a statute of limitations setting a time within which the Secretary must suspend. *Criswell Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971). But, as *Kaufman* states, "[t]he operator, as all citizens of the Commonwealth, may expect that the Secretary will administer [The Vehicle Code] with reasonable efficiency and without delay hurtful to persons subject to its provisions." 3 Pa. Commonwealth Ct. at 608-9, 284 A. 2d at 840. As to whether a delay between the date of conviction and the subsequent suspension is unreasonable as a matter of law, the Superior Court has stated: "The mere passing of time between the convictions and the suspension, standing alone, is not a reason for the court to set

aside the action of the secretary." *Heller Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 340, 343, 175 A. 2d 305, 306 (1961) (delay of 21 months); *see also Angelicchio Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 409, 249 A. 2d 788 (1968) (delay of 18 months); *Criswell Motor Vehicle Operator License Case, supra* (delay of 16 months). Thus, administrative delays, standing alone, will not void an order of suspension, particularly where, as here (but not in *Kaufman*), there is no showing of prejudice. Kroh has averred that he will be considerably inconvenienced by this suspension, but this simply is not sufficient justification, even coupled with administrative delay, to set aside the action of the Secretary.

Order affirmed.