**Commonwealth v. Ramseur**

*Maurice Levin,* for Commonwealth.
*Diane Upson,* for appellant.

SUGERMAN, J., April 29, 1974.—Petitioner pleaded guilty before a district justice of this county on November 12, 1971, to a charge of violating section 626 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §626, in that she knowingly permitted a person not holding a valid operator's license to operate a vehicle owned by her, such violation occurring on October 9, 1971.

On March 13, 1973, 16 months later, as the result of such conviction, petitioner's operating privileges were suspended for a period of two months, but were restored shortly thereafter upon petitioner requesting a departmental hearing. Such departmental hearing was held on July 25, 1973, and again, on October 15, 1973, pursuant to the authority contained in section 618(b)(2) of The Vehicle Code, petitioner's operating privileges were suspended for a period of two months by reason of the foregoing violation, such suspension to be effective November 19, 1973. Following this latter suspension, the petitioner filed a petition for appeal therefrom, alleging, in essence, that the delay on the part of the Secretary of Revenue in suspending petitioner's operating privileges constitutes an abuse of discretion. Although petitioner was entitled to a hearing de novo before the court,* no testimony was taken, and the parties agreed the matter should be determined upon oral argument only.

The authority granted the Secretary of Transportation to suspend petitioner's operating privileges under section 618(b)(2) is discretionary: Commonwealth v. McCartney, 2 Comm. Ct. 540, 279 A. 2d 77

---

* April 29, 1959, P. L. 58, sec. 620; August 6, 1963, P. L. 509, sec. 1; June 3, 1971, P. L. 118 (No. 6), sec. 1(162) 75 PS §620; Commonwealth, Department of Transportation v. Fisher, 6 Comm. Ct. 159, 293 A. 2d 644 (1972).

(1971). Petitioner does not challenge this fundamental principle, but, as noted, argues that the exercise of such discretion, 16 months after petitioner's conviction upon a charge of violating The Vehicle Code, constitutes an abuse of such discretion, and cites to the court as the basis for this proposition: Department of Transportation v. Kaufman, 3 Comm. Ct. 605, 284 A. 2d 838 (1971).

In Kaufman, supra, a case involving a *mandated,* rather than a *discretionary* suspension, the licensee's privileges were suspended in August 1968, for one year for driving while under suspension. Before such privileges were restored, they were again suspended for a further period of one year for an identical offense.

The licensee then submitted to and passed a special examination testing his competency to operate a motor vehicle, and, thereupon, in September 1970, his privileges to operate were restored. Shortly thereafter, in December 1970, the licensee's privileges were again suspended as the result of a conviction for speeding occurring 26 months earlier.

The Commonwealth Court reversed the action of the secretary, holding that, upon the whole record, Kaufman's license was not subject to suspension, in that,

"The operator, as all citizens of the Commonwealth, may expect that the Secretary will administer [The Vehicle Code] with reasonable efficiency *and without delay hurtful to persons subject to its provisions.*" (Italics supplied.)

The essence of the holding, however, is embodied in the language of the Commonwealth Court found at page 609, 284 A. 2d, at page 840:

"Heller Motor Vehicle Operator's License Case, 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961) is not au-

thority to the contrary of our conclusion here. That case held that the passing of time between conviction and suspension *standing alone* was no reason for setting aside the Secretary's action. *Here the passing of time did not stand alone.*" (Italics supplied.)

The court then notes that in order to obtain a restoration of his license following suspension for driving while under suspension, Kaufman, at the direction of the secretary, took and passed a special examination as to his competency.

Thus, in Pennsylvania, the mere passage of time between conviction of a violation of The Vehicle Code and a resulting suspension of the privileges of operating a motor vehicle, without more, is not sufficient cause to set aside such action of the Secretary of Revenue: Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961); Criswell Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971); Department of Transportation v. Hosek, 3 Comm. Ct. 580, 284 A. 2d 524 (1971); Commonwealth v. Kroh, 7 Comm. Ct. 390, 297 A. 2d 829 (1972).

Petitioner, in candor, correctly points out that Kaufman, supra, involved something more than mere delay, but attempts to distinguish Heller, supra, from Kaufman on the ground that much of the delay in Heller was occasioned by the conduct of the licensee, while in Kaufman, as in the case at bar, there is no showing that delay was caused by the licensee. Such may well be the case, but it is to be noted that in Criswell, supra, where 15 months elapsed between the date of the conviction and the date of suspension, the action of the secretary was sustained, absent a showing of who caused the delay, and in Kroh, supra, where 25 months elapsed between conviction and suspen-

sion, the action of the secretary was again sustained, without a showing of who caused the delay.

Petitioner alleged in her petition that suspension of her license will cause her "great hardship and inconvenience." Such allegation, without some proof, is not a sufficient showing of prejudice to set aside the action of the secretary: Kroh, supra, at page 393, 297 A. 2d at page 831.

The case at bar is squarely within the framework of Kroh, supra, and controlled thereby. In Kroh, the licensee was convicted of speeding on May 24, 1968. On June 24, 1970, exactly 25 months later, Kroh's license was suspended. Clearly, the delay was in no way occasioned by Kroh's conduct. The Commonwealth Court, while calling such delay reprehensible, nevertheless affirmed the action of the secretary, holding, at page 392, 297 A. 2d, at page 830:

"[N]owhere in The Vehicle Code is there a statute of limitations setting a time within which the Secretary must suspend."

And, at page 393, 297 A. 2d, at page 831:

"Thus, administrative delays, standing alone, will not void an order of suspension, particularly where, as here (but not in Kaufman), there is no showing of prejudice."

Accordingly, we must and do enter the following

## ORDER

And now, to wit, April 29, 1974, the action of the Director of the Bureau of Traffic Safety suspending the operating privileges of petitioner is affirmed and the petitioner's appeal is dismissed.