**Commonwealth v. Long**

*Harold H. Cramer,* for Commonwealth.
*William Harvey Wiest,* of *Wiest & Younkin,* for defendant.

KIVKO, *P. J.,* July 11, 1975—Two questions are presented in this appeal taken by John E. Long, Jr., from the suspension of his motor vehicle operating privileges imposed by the Secretary of Transportation under sections 619.1(b), (i) and (k) of The Vehicle Code's point system, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §619.1. Both involve timeliness, but in different contexts.

The first, raised by the Commonwealth at the de novo hearing, is whether the appeal to this court was untimely filed and, therefore, should be quashed. Deferring immediate disposition of this question, we proceeded to the merits of the appeal. The Commonwealth introduced into evidence the records relied on by the secretary, showing a conviction on July 3, 1973, of speeding in excess of the limit by 24 miles per hour, and the secretary's compilation of the appellant's driving record, now showing 16 points, which is the second time he has

accumulated 11 points or more. A 30-day suspension had been imposed for excessive speed, and a consecutive 90 days based on his record of points. Appellant did not challenge the conviction or the computation of points by the secretary or the records, except for an objection that the records of conviction of July 3, 1973, and June 25, 1973, were illegible. The objection was overruled because, to the contrary, they were readable. The sole defense raised by appellant to the Commonwealth's prima facie case justifying the suspension is the second question before us, that is, whether the delay of the secretary in imposing the suspension was unreasonable, especially since it allegedly caused appellant great hardship as he changed employment in the interim. No adjudication was made at the hearing. By this opinion, we now address these issues.

If the appeal was not taken within the period provided in The Vehicle Code, the motion to quash must be sustained. As stated in Brown v. Department of Transportation, 4 Pa. Commonwealth Ct. 308 (1972), on page 309: "No court has power to extend the time for appeal as an act of mere indulgence."

Unfortunately, the language of the pertinent provision of The Vehicle Code establishing the requisite appeal period, section 620, is not precise: "Any person whose operator's license or learner's permit has been suspended . . . shall have the right to file a petition, within thirty (30) days thereafter . . ." Appeal must be taken within 30 days from the date of suspension. But what is the date of suspension? Three possible interpretations are evident: (1) the date of the notice of the suspension, that is, the date the notice is mailed by the secretary; (2) the date

the notice of suspension is received by the licensee, or (3) the effective date of the suspension as set forth in the notice.

The instant appeal was filed on December 4, 1974, which was also the effective date of the suspension. The notice of the suspension by the secretary is dated October 30, 1974, or greater than 30 days from appellant's filing date. With respect to establishing the date when the notice of suspension was received by appellant, there is a rebuttable presumption that a properly addressed and mailed letter is received in due course of mail: Fox v. Davey Compressor Co., 318 Pa. 331, 178 Atl. 469 (1935); Berkowitz v. Mayflower Securities, Inc., 455 Pa. 531, 317 A. 2d 584 (1974). See 14 P. L. E., Evidence, §29. Appearing on the notice of suspension above the date, October 30, 1974, is a stamped and initialed notation that it was placed in the mail. Moreover, appellant testified that he r eceived the notice in November, although he could not recall offhand exactly when. The presumption was not rebutted here where appellant could not specify the exact date of receipt. Clearly, a notice mailed on October 30, 1974, would be received in due course of mail prior to November 4, 1974, the point at which the 30-day period created by appellant's filing date began. Regardless of whether the date of suspension as contemplated by section 620, supra, is considered to be the date the notice of suspension is mailed or the date received, the appeal in this case would have been untimely. This appeal was proper only if it can be determined that the controlling date is the effective date of the suspension.

However, in Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53, 245 A. 2d 688 (1968), the argument that the appeal period

provided in section 620, supra, begins to run from the date the suspension takes effect was rejected. In an effort to have the appeal dismissed for being prematurely taken, the Commonwealth contended in Klitsch that the statutory language "has been suspended" of section 620 referred to the effective date of the suspension, and, therefore, an appeal could not be taken prior to that date. Upholding the appeal, the court responded:

"We believe the most reasonable interpretation of the statutory language and the most sensible practice is to hold that the thirty day appeal period runs from the time notice of the Secretary's action is received by the licensee." Id., at page 55.

Since the appeal period did not begin on the effective date of the suspension, appellant's only saving date in the present case, the appeal must be quashed. This conclusion ordinarily would make further consideration of the appeal unnecessary. However, we feel compelled to make known this court's view of appellant's defense of prejudicial delay by the secretary.

In a license suspension appeal under the point system, this court may not consider any extenuating circumstances, such as the hardship to a particular driver if his license was suspended, or any mitigating circumstances surrounding the conviction: Virnelson Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968); Romm Motor Vehicle Operator License Case, 212 Pa. Superior Ct. 369, 243 A. 2d 471 (1968). The court's role is strictly limited to a review of the secretary's action mandated by section 619.1, supra. It has been held, however, in Department of Transportation v. Kaufman, 3 Pa. Commonwealth Ct. 605, 284 A. 2d 838 (1971), that within the scope

of review of the "Secretary's action" under section 619.1 is the time when the secretary chooses to invoke the statute to impose the suspension. The basis of this review is that "[t]he operator, as all citizens of the Commonwealth, may expect that the Secretary will administer Section 619.1 with reasonable efficiency and without delay hurtful to persons subject to its provisions." Id., at pages 608-609.

Appellant argued that the delay from his arrest on February 27, 1973, and his conviction on July 3, 1973, until the first notice of suspension on March 22, 1974, was unreasonable, and that the delay caused him great hardship because he changed employments after his conviction. Initially, we dismiss any consideration of the date of arrest. The secretary does not impose suspensions under section 619.1 upon receipt of any information of arrests but only of convictions. In this type of proceeding, the date of arrest is irrelevant. Appellant had requested a departmental hearing after receipt of the March 22, 1974, notice of suspension, thereby necessitating the second notice of suspension, which was mailed on October 30, 1974. Thus, measuring the delay from the date of conviction until the date of the first notice of suspension, it is nine months. Length of the delay, especially when it is only nine months, is of no moment by itself. Passage of time standing alone will not void an order of suspension: Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961); Department of Transportation v. Hosek, Jr., 3 Pa. Commonwealth Ct. 580, 284 A. 2d 524 (1971); Commonwealth v. Kroh, 7 Pa. Commonwealth Ct. 390, 297 A. 2d 829 (1972). As a result of the secretary's delay in acting, some show-

ing of prejudice is required in order to invalidate the suspension: Criswell Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971). In Commonwealth v. Kroh, supra, an averment that the licensee will be "considerably inconvenienced" by the suspension was held not to justify reversal of the secretary even though the suspension was finally imposed two years and one month after conviction.

Relying on Department of Transportation v. Hosek, Jr., supra, appellant claimed hardship because of his change in employment; yet, his testimony revealed that he merely changed employers. At the time of his conviction, he was a truck driver, and at the time of the hearing he was still a truck driver, but under a different employer. There is no similarity between the present case and the Hosek decision, in which, during the 16-month period of inaction on his conviction report, the licensee took active steps at the secretary's direction to have his license restored from a prior suspension, and he left his employment as a mover's helper and obtained a position as a truck driver. No correlation is possible between the secretary's inaction for nine months and appellant's change of employers but not occupation; nor is a nine-month delay intolerable. Appellant's defense could not be sustained since the delay was without prejudice to him.

We repeat our conclusion that the appeal is quashed for the reason that it was untimely filed. Our discussion also indicates that even if the appeal were proper, the Commonwealth made out a prima facie case which appellant could not surmount.

Accordingly, we enter the following

## ORDER

And now, July 11, 1975, it is ordered that the appeal be dismissed and that the order by the Secretary of the Department of Transportation suspending John E. Long, Jr.'s motor vehicle operating privileges be reinstated.