## Commonwealth v. Handzes

*Edward A. Mihalik*, for Commonwealth.
*Richard L. Neff*, for appellant.

KLEIN, *J.*, September 11, 1975—This matter is before the court upon the appeal of Michael Handzes from an order of the Secretary of Transportation, dated May 8, 1975, suspending his operating privileges for a total of 120 days: 60 days for a speeding offense (80 m.p.h. in a 40 m.p.h. zone) occurring on February 17, 1974, resulting in a conviction on February 26, 1974, under section 619.1(b) of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §619.1(b), and an additional 60 days for having accumulated 11 points for the first time, under the point system: 75 P.S. §619.1(k).

There is no dispute as to any fact. Appellant concedes all of the violations shown on his operator's record and the accuracy of the record concerning point assessment for each violation.

Appellant merely asserts that he is entitled to relief as a matter of law upon the authority of the case of Department of Transportation v. Kaufman, 3 Pa. Commonwealth Ct. 605, 284 A. 2d 838 (1971).

In the Kaufman case, the driver had been suspended twice, each for a period of one year and had his privileges restored prior to the secretary's efforts to suspend him once again for a conviction which had occurred more than two years prior to such action, and being three months after Kaufman's license was restored following the more than two years of suspension.

In the instant case, appellant was assessed five points for a traffic signal violation conviction of February 25, 1974. This action of the secretary occurred on October 17, 1974, and, at the same time, appellant was ordered to take a driver improvement course, which appellant successfully completed. On January 3, 1975, the secretary notified appellant that as a result of his completion of the course, his point accumulation was being reduced to nine points. (Appellant had a previous five points for another traffic signal violation conviction of October 26, 1973.) Appellant has yet to suffer a single day's suspension of his operating privileges, a supersedeas having been granted as to the herein suspension.

The thrust of appellant's argument, quoting from Kaufman, is that "when the Secretary takes any action with regard to an operator's license whether of restoration, revocation or suspension, such actions should reflect the whole of the relevant record

then before the Secretary." Therefore, since the secretary ordered appellant to take the driver improvement course on October 17, 1974, the secretary now abuses his discretion by ordering suspension based upon a conviction of February 26, 1974, especially because there was a lapse of more than 14 months between conviction and order of suspension.

Appellant's contention fails first because there was no intervening action by the secretary in the nature of restoration, revocation or suspension. Most conclusive, however, is that appellant has shown no prejudice to himself by the secretary's delay and under Kaufman, supra, such proof is essential. See Commonwealth v. Kroh, 7 Pa. Commonwealth Ct. 390, 297 A. 2d 829 (1972).

## ORDER

And now, September 11, 1975, it is ordered, adjudged and decreed that the within appeal from suspension of operating privileges for 120 days by Michael Handzes be, and it is hereby dismissed. The said action taken by the Secretary of Transportation is hereby sustained.