### Commonwealth v. Frommell

*Jeffrey Giltonboth, deputy attorney general,* for the commonwealth.

*Richard Mancini,* for defendant.

MANNIX, *J.,* April 24, 1989 — This matter is presently before the court on defendant's appeal from a two-year revocation of his driving privileges for a violation of section 1543 of the Vehicle Code

(driving while operating privilege is suspended or revoked). A hearing was held on March 7, 1989, at which time the relevant facts developed were as follows.

Effective July 18, 1986, defendant's driving privileges were suspended for a period of one year for a violation of section 1547 (relating to refusal to submit to a chemical test of breath or blood) on June 27, 1986. Following his conviction for driving under the influence, as a result of the same incident, defendant's driving privileges were suspended for another one-year period, pursuant to section 3731 of the Vehicle Code. Said suspension was effective July 18, 1987, and continuing to July 18, 1988.

On April 12, 1988, while his driving privileges were still suspended, defendant was stopped for a violation of section 3323(b) of the Vehicle Code (relating to stop signs) and was given a citation for said violation. In addition, he was cited for violating section 1543 (driving while operating privilege is suspended or revoked). Following his conviction of both of these offenses on May 19, 1988, defendant received a notice dated June 29, 1988, imposing an additional suspension of 15 days pursuant to section 1544 as a result of the stop sign conviction; it was effective July 18, 1988. On September 13, 1988, defendant received a notice that his driving privileges were restored.

Following said restoration of his privileges, defendant accepted employment in Altoona, Pennsylvania, and began commuting by automobile on weekends between there and his home in Clinton, Beaver County, Pa.

On December 7, 1988, three months after his privileges were restored, defendant received a notice that his operating privileges were revoked for a period of two years, as a result of his conviction back

on May 19, 1988, for driving while his privileges were suspended. It is this revocation which is the subject of the instant appeal.

Defendant's challenge to said revocation raises two issues; first, whether the action by the department in restoring his privileges on September 13, 1988, and subsequently imposing a revocation was proper under the circumstances; and second, whether the penalty imposed should have been a one-year suspension rather than a two-year revocation under section 1543 of the Vehicle Code.

Defendant contends that the department knew of his May 19, 1988 conviction for violating section 3731 (driving while operating privilege is suspended) at the time his privileges were restored on September 13, 1988, and that the department should not have restored his privileges but rather should have imposed any additional penalty to which he was subject. The relevant portion of section 1543 of the Vehicle Code is as follows:

"§1543. Driving while operating privilege is suspended or revoked—

"(c) *Suspension or revocation of operating privilege* — Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

"(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period.

"(2) If the department's records show that the person was under revocation on the date of violation, the department shall revoke the person's operating privilege for an additional two-year period." 75 Pa.C.S. §1543.

It appears from the record that defendant was convicted of both the stop sign violation and driving while under suspension on May 19, 1988. The department notified defendant on June 29, 1988, that an additional suspension would result from the one conviction (i.e., the stop sign violation) and the same was imposed effective July 18, 1988. No reason is given for the department's failure to also impose, at that time, the mandatory penalty for the driving under suspension violation which had occurred on the same date and for which defendant had also been convicted on May 19, 1988.

Further, there is no evidence on the record from which this court can conclude that the department did not have knowledge of both convictions at the time it improperly restored defendant's driving privileges on September 13, 1988. When the Secretary (of the Department of Transportation) takes any action with regard to an operator's license whether of restoration, revocation or suspension, such action should reflect the whole of the relevant record then before the secretary. *Department of Transportation v. Kaufman*, 3 Pa. Commw. 605, 609, 284 A.2d 838, 840 (1971).

This court recognizes that the penalty of an additional suspension under section 1543 of the Vehicle Code is a mandatory one. However, the action by the department in "choosing the time" at which said statutory privileges will be invoked is subject to review by this court. See *Kaufman* at 609-10, 284 A.2d at 841. Accordingly, this court finds that the department was obligated to review defendant's entire driving record and impose all then-applicable suspensions prior to restoration of his driving privileges on September 13, 1988. Because the department did not do so, but rather restored defendant's privileges in September 1988,

its subsequent suspension action on December 7, 1988, was improper. Having so concluded, it is not necessary to address the second issue; namely, whether defendant should have received a one-year suspension rather than a two-year revocation of his driving privileges.

For the foregoing reasons, the following order is entered.

### ORDER

And now, April 24, 1989, following hearing in open court on defendant's appeal from suspension of his driving privileges; it is hereby ordered that defendant's appeal from suspension be, and the same hereby is, sustained and the Bureau of Driver Licensing's revocation of defendant's driving privileges for a period of two years under section 1543 of the Vehicle Code is hereby dismissed.

Further, it is hereby ordered that the Bureau of Driver Licensing, Department of Transportation, forthwith reinstate defendant's driving privileges.