## Department of Transportation *v.* Hosek, Jr.

Argued November 10, 1971, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*John M. Means,* with him *Smith, Hodel & Means,* for appellee.

Opinion by Judge Rogers, December 13, 1971:

The Court of Common Pleas of Allegheny County sustained the appeal of Anthony A. Hosek, Jr. from the revocation of his operator's license by the Secretary of Transportation. The Commonwealth has appealed.

Mr. Hosek was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor. Section 618 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §618, provides that the Secretary may suspend the operating privileges of a person who he finds has committed any offense for the conviction of which mandatory revocation of license is provided by the Code. Pursuant to Section 618, the Secretary by notice dated December 12, 1968, suspended Mr. Hosek's driving privileges for six months. At or about the expiration of this time the Secretary advised Mr. Hosek that he might, as of June 24, 1969, apply for restoration of his license by providing proof of financial responsibility. Mr. Hosek then obtained insurance at the cost of $311 per annum, quit his employment as a mover's helper and took a job as a truck driver. His license was restored on October 8, 1969. However, on May 19, 1969, Mr. Hosek had been convicted of the offense with which he had been previously charged. Section 616(a) of The Vehicle Code, 75 P.S. §616(a), provides that upon the receipt of a certified record of proceedings in which an operator was found guilty of operating a motor vehicle while under the influence of intoxicating liquor, the Secretary "shall forthwith revoke" the license for a period of one year. The certification in Mr. Hosek's case was received by the Secretary's office not later than July 3, 1969. *On November 6, 1970,* the Secretary revoked Mr. Hosek's license for one year with a credit of six months for the period served on the same violation.

The Commonwealth presents us with two issues:

First, it contends that there is no right to appeal from the Secretary's action in revoking a license, as distinguished from the action of suspension. Section 620 of The Vehicle Code, 75 P.S. §620, so provides, and case authority so held. *Brennan's Case,* 344 Pa. 209,

25 A. 2d 155 (1942); *Ullman Motor Vehicle Operator License Case,* 204 Pa. Superior Ct. 145, 203 A. 2d 386 (1964). However, both the statute and the cited cases predate Article V, Section 9 of the Commonwealth's Constitution, adopted April 23, 1968, and providing: "There shall be a right of appeal in all cases to a court of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law." In pursuance of this mandate, the Legislature by enactment made December 2, 1968, effective January 1, 1969, amended the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.1, by the addition of a Section 47, 71 P.S. §1710.47, pertinently as follows: ". . . where the applicable acts of assembly are silent on the question of judicial review, any person aggrieved by such an adjudication [of an agency] . . . may nevertheless appeal the same . . . to the Court of Common Pleas of Dauphin County." By the same amendatory legislation new Section 47 was made applicable to agencies which by Section 51 were otherwise excluded from the provisions of the Administrative Agency Law, thus embracing the Department of Transportation. At this point, therefore, it would appear (1) that there was thus provided an appeal from an adjudication of revocation, previously denied, and (2) that such appeal would be to the Court of Common Pleas of Dauphin County, whose jurisdiction was transferred to and vested in the Commonwealth Court by Section 508(a)(71) of the Appellate Court Jurisdiction Act of July 31, 1970, P. L.    , No. 223, 17 P.S. §211.508(a)(71). However, Section 403 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.403, also provides, with specific reference to the jurisdiction

of the Commonwealth Court, as follows: "The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of administrative agencies . . . *except*: (1) . . . (i) matters relating to the privilege of operating motor vehicles or tractors, including the *revocation* or suspension of such privilege and matters relating thereto; . . ." (Emphasis added) Further, by Section 402 of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.402, the Commonwealth Court was given *exclusive* jurisdiction of appeals from final orders of the courts of common pleas in respect of "(1) All civil actions or proceedings to which the Commonwealth or any officer . . . is a party. . . ."

It is apparent to us that the Legislature intended by Section 47 of the Administrative Agency Law to supply the constitutionally required right to appeal from administrative adjudications, including the right to appeal from an adjudication of revocation of an operator's license. It is equally clear that the Legislature by Section 403(1)(i) of the Appellate Court Jurisdiction Act of 1970 intended that the Commonwealth Court should not have jurisdiction of direct appeals in matters relating to the revocation of licenses. Considering the object sought to be obtained by the Legislature in the implementation of the new constitutional provision and regarding Section 403(i) of the Appellate Court Jurisdiction Act of 1970 as a particular provision relating to the subject matter, we hold that matters relating to revocation of operating privileges are properly appealable to the court of common pleas of the county in which the operator resides as in the case of appeals from suspensions. The Vehicle Code, *supra*, 75 P.S. §620.

The Commonwealth further contends that the court below abused its discretion in determining that under the circumstances of this case the operator's privileges

were not subject to revocation. The suspension of Mr. Hosek's license was imposed in December 1968 because he was found by the Secretary to have operated a vehicle while under the influence of intoxicating liquor. The Secretary advised Mr. Hosek that his privileges might be restored as of June 1969 if he supplied proof of financial responsibility. Mr. Hosek went about supplying such proof. His license was restored in October 1969. At about the same time, he changed his employment to one requiring operating privileges. In May 1969, Mr. Hosek had been convicted of operating a motor vehicle while under the influence of intoxicating liquor and the Secretary had been so notified on July 3, 1969. Despite the direction of Section 616 of The Vehicle Code, 75 P.S. §616, that the Secretary shall forthwith revoke the license of one found guilty of the offense in question, the Secretary took no action until November 6, 1970. The delay of 16 months from July 1969 to November 1970 was hardly compatible with the requirement that revocation should occur forthwith. However, there is authority for the principle that mere delay is not a reason for the court to set aside the action of the Secretary suspending a license. *Heller Motor Vehicle Operator License Case,* 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961). But in none of the provisions of The Vehicle Code relating to suspensions is the Secretary placed under an obligation to act forthwith upon being notified of a conviction. Furthermore, in *Heller, supra,* not only was the operator not hurt by the delay, he caused it by dilatory tactics. Even in *Heller,* the court wrote: "The mere passing of time between the convictions and the suspension, *standing alone,* is not a reason for the court to set aside the action of the secretary." (196 Pa. Superior Ct. 340, 343, 175 A. 2d 305, 306) (Emphasis supplied) In the recent case of *Commonwealth v. Criswell,* 219 Pa. Superior

Ct. 170, 280 A. 2d 553 (1971), the Superior Court held that delay with no showing of prejudice should not void an order of suspension. Judge JACOBS noted particularly that the operator's petition set forth no harm or prejudice. In the instant case, not only was there delay in acting to revoke, the Secretary, while his files contained a certification of conviction, actually restored the license. While the record is not explicit as to when Mr. Hosek purchased insurance, it was surely after July 3, 1969 when the Secretary learned of the conviction, because the license was not restored until October 8, 1969. The record clearly shows that Mr. Hosek left his employment as a mover's helper and obtained employment as a truck driver in October 1969, at or about the time his license to operate a motor vehicle was restored. He was clearly prejudiced by the Secretary's failure to act as the law provided and we should and will not interfere with the reasonable exercise of the hearing court's discretion in these egregious circumstances.

Order affirmed.