## Hunter License

*John J. Shumaker*, for appellant.

*John H. Broujos*, for Commonwealth.

SHUGHART, P. J., March 29, 1972.—When the above-captioned appeal from suspension of operating privileges was called for hearing, a stipulation was entered into admitting into evidence eight exhibits on behalf of the Commonwealth. It was further stipulated and agreed that appellant's petition set forth the facts of the case. No issues of fact being therefore involved, the matter was listed for argument. Briefs have been filed, the matter has been orally argued before the court, and is now before us for decision.

Since there is no dispute as to the relevant facts, we shall set them forth in narrative form. Appellant's first assessment of points occurred January 20, 1969, following a conviction for executing an improper left-hand turn for which three points were

assigned to his record. He had no violations within the following year and two points were removed from his record, leaving a balance of one point. On May 25, 1970, appellant was convicted of running a red light and five points were added to his record giving him a total of six. Because of this, Hunter was required to attend driver improvement school. Some administrative errors delayed the credit of one point until May of 1971, as of which time he was advised that he had a point total of five. Prior to May 14, 1971, however, and on August 27, 1970, appellant was convicted for traveling 74 miles per hour in a 55-mile zone, as a result of which six points were added to his record, giving him a total of 11 points. The order suspending appellant's license, however, was not issued until August 17, 1971, at which time Hunter was advised that his license would be suspended for 75 days effective August 31, 1971.

In this appeal, Hunter contends that since he had no violations of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §101, et seq., after August 27, 1970, and the present suspension was not effective until August 31, 1971, he was entitled to a two point reduction from his record as of August 27, 1971, pursuant to section 619.1(j), 75 PS §619.1(j), reducing the point total to nine, or two less than the number required for suspension under section 619.1(i).

Appellant's argument is, in effect, that the assessment of points occurs as of the time the Secretary of Transportation makes the suspension effective. Such, however, is not the case. In Department of Transportation v. White, 3 Com. Ct. 527, Judge Wilkinson said, at page 528:

"The point assessment is made as of the actual date of conviction and subsequent clerical errors do not affect it."

In this case, therefore, the assessment of the final six points occurred as of August 27, 1970, the date of conviction; therefore, as of that date appellant had 11 points and was subject to suspension under section 619.1(i). The mere fact that the actual notification of suspension did not occur until sometime later did not affect its validity.

The assessment of points likewise was unaffected by the fact that a notice was sent to appellant on May 14th which incorrectly stated that his point accumulation was five points, since he had successfully completed a driver improvement school. Undoubtedly, at this time appellant was aware of the violation of August 27, 1970, and had to realize that the points therefor were not yet recorded: Department of Transportation v. White, supra.

Appellant further contends that because of the erroneous notice of May 14, 1971, telling him that his point total was five, he was prejudiced by the subsequent suspension of his license in August of 1971. In this connection, he has relied upon the case of Department of Transportation v. Hosek, Jr., 3 Com. Ct. 580. In that case, Judge Rogers said at page 585:

"The delay of 16 months from July 1969 to November 1970 was hardly compatible with the requirement that revocation should occur forthwith. However, there is authority for the principle that mere delay is not a reason for the court to set aside the action of the Secretary suspending a license. Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340, 175 A.2d 305 (1961). But in none of the provisions of The Vehicle Code relating to suspensions is the Secretary placed under an obligation to act forthwith upon being notified of a conviction. Furthermore, in Heller, supra, not only was the operator not hurt by the delay, he caused it by dilatory tactics.

Even in Heller, the court wrote: 'The mere passing of time between the convictions and the suspension, standing alone, is not a reason for the court to set aside the action of the secretary.' (196 Pa. Superior Ct. 340, 343, 175 A.2d 305, 306) . . . In the recent case of Commonwealth v. Criswell, 219 Pa. Superior Ct. 170, 280 A.2d 553 (1971), the Superior Court held that *delay with no showing of prejudice should not void an order of suspension.* Judge Jacobs noted particularly that the operator's petition set forth no harm or prejudice. *In the instant case, not only was there delay in acting to revoke, the Secretary, while his files contained a certification of conviction, actually restored the license. While the record is not explicit as to when Mr. Hosek purchased insurance, it was surely after July 3, 1969 when the Secretary learned of the conviction, because the license was not restored until October 8, 1969. The record clearly shows that Mr. Hosek left his employment as a mover's helper and obtained employment as a truck driver in October 1969, at or about the time his license to operate a motor vehicle was restored. He was clearly prejudiced by the Secretary's failure to act as the law provided and we should and will not interfere with the reasonable exercise of the hearing court's discretion in these egregious circumstances."* (Italics supplied.)

In this case, appellant has at all times held his operator's license and has made no change in his position based on any inaction of the secretary. As Judge Woodside so aptly said in Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340, 342:

"It is unfortunate that the wheels of justice ground so slowly in this case that Heller has been able to retain, for a far longer uninterrupted period than the law intended, a privilege that enabled him to speed

over the highways in brazen disregard of the laws governing their use. It would be even more unfortunate if, having enjoyed a privilege during a period when the law did not intend him to have it, that very enjoyment would be used as an excuse for not suspending the privilege at all."

Suffice it to say, appellant has demonstrated no prejudice resulting from the delay in his suspension so as to bring into play the principle enunciated in the Hosek case.

## ORDER

And now, March 29, 1972, for the reasons set forth above, the order of the Secretary of Transportation suspending appellant's operator's license be and is hereby sustained and the appeal from said order dismissed.