## Commonwealth v. Michnuk

*Maurice Levin,* for Commonwealth.
*Lawrence Goldberg,* for appellant.

PITT, Jr., J., October 22, 1973.—At the hearing on this appeal before this court, counsel for the Commonwealth introduced into evidence various documents representing the driving record of appellant. Most of these offers were the subject of an objection because

of a lack of specificity in the certification statement. This court held ruling thereon under advisement and now finds the certification and accompanying documents adequately identifiable and, hence, the objection is overruled.

The suspension, the subject of this appeal, resulted from an application of the provisions of the point system set forth in The Vehicle Code. The point of contention between the parties is easily summarized. The driving record of appellant showed an accumulation of 13 points on the last date of conviction, which was July 24, 1970. The provisions of the code mandated a 60-day suspension. That suspension was imposed upon appellant by letter captioned, "Withdrawal of Motor Vehicle Privileges" and dated January 26, 1973. There is no explanation provided in this record for the passage of two and one-half years from the time of the last conviction until the time that the mandatory suspension was imposed. It was stipulated by the Commonwealth that, between July of 1970 and January of 1973, appellant had been given a special driver's test and had been driving ever since that test, and likewise had no further driving violations on his record. The issue thus presented is whether or not the secretary can, without explanation as to reason for delay, defer imposition of a suspension for two and one-half years.

The position of the Commonwealth is or should be that the passing of time between conviction and suspension is no reason for setting aside the suspension: Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340 (1961). The position of appellant is, or should be, that while the imposition of a suspension is mandated by the code, the secretary, though not given a time limit within which to impose such

suspension, abuses his discretion by failing to impose the suspension for a period of two and one-half years during which time appellant had no further violations on his record and had taken a special driver's test. See Department of Transportation v. Kauffman, 3 Comm. Ct. 605 (1971).

In Heller, supra, the license was suspended approximately 16 months after the secretary had received notice of the convictions and the Commonwealth Court reversed the lower court which had sustained the appeal, noting, inter alia, that it had been admitted in argument that the delay was largely due to the operator's conduct. In the instant case, we observe that applying section 619.1(j) of The Vehicle Code, there being no prior suspension involved, appellant's driving record would have indicated a total of nine points as of the date of this suspension by the passage of over two years from the date of his last conviction. While we are unaware of any appellate authority requiring the secretary to impose the statutorily mandated suspension within a reasonable time, some reasonable limitations must be applied. For indeed, suppose the secretary imposed a suspension on an 11-point accumulation six years after the date of the last conviction, or 10 or 20 years later!

Judge Rogers, writing for the Commonwealth Court in Kauffman, supra, suggests that the secretary may not invoke the suspension at his leisure and that the citizens of the Commonwealth may expect that the secretary will administer section 619.1 with reasonable efficiency and without delay hurtful to persons subject to its provisions. We do not think the holding in Heller, supra, to be dispositive of the facts before us but, in any event, rely on Kauffman, supra, in noting that the passage of time does not stand alone but also

that appellant took a driver's test and had no further driving violations since the last offense in July of 1970.

The appeal is sustained and we enter the following

### ORDER

And now, to wit, October 22, 1973, the appeal is sustained, and the action of the Secretary of the Department of Transportation in suspending the operating privileges of Lewis D. Michnuk for a period of 60 days is reversed.