## Gallagher License

*Harold H. Cramer, Assistant Attorney General,* for Commonwealth.

*Kenneth E. Hankins, Jr.,* for appellant.

KELLER, *J.*, June 3, 1976 — On March 27, 1974, appellant herein was tried for the crime of driving

under the influence of intoxicants in the Fulton County Branch of the 39th Judicial District of the Court of Common Pleas, and the jury returned a verdict of guilty. Post-trial motions were filed, argued and ultimately overruled. On March 17, 1975, the court suspended sentence for a period of six months on the condition that appellant pay the costs and the sum of $300 to the use of the County, and be on probation. On April 1, 1975, appellant appealed the sentence of suspension to the Superior Court of Pennsylvania and that appeal is still pending.

On or about May 15, 1975, appellant was served with a notice of revocation of his operator's privileges for one year to be effective June 19, 1975 as a result of his conviction of violation of section 1037 of The Vehicle Code of April 29, 1959, P.L. 58, 75 P.S. §1037 (driving under the influence).

Mr. Gallagher petitioned for appeal from the order revoking his operating privileges on June 3, 1975, and an order was entered on the same date granting a hearing on the petition and directing that the appeal should act as a supersedeas of the revocation order. On July 21, 1975, Harold H. Cramer, Assistant Attorney General for the Commonwealth of Pennsylvania, entered his appearance in the case.

A hearing on the revocation appeal was held on August 5, 1975, pursuant to the order of June 3, 1975, at which time Mr. Cramer for the Commonwealth and Mr. Hankins for appellant stipulated to the admission of Commonwealth's Exhibit 1 consisting of the certification statement, withdrawal of motor vehicle privileges notification, report of the clerk of courts showing the conviction or acquittal of any violation of The Vehicle Code and/or of any other act in the commission of a crime in which a

motor vehicle was used, Pennsylvania State Police Turnpike Intoxication Report and Certification Statement. Over the objection of counsel for the Commonwealth the record of the criminal proceeding, i.e., driving under the influence case, was admitted in evidence. The court took judicial notice of the fact that Elwood Gallagher has taken an appeal to the Superior Court from the conviction and sentence imposed thereon in the driving under the influence case. The evidence was marked closed.

The official court reporter filed the transcript of testimony in the office of the clerk of the court and prothonotary of Fulton County on August 19, 1975. Counsel for appellant filed exceptions to the transcript of testimony on August 25, 1975. On September 24, 1975, the Assistant Attorney General, Harold H. Cramer, advised the court, counsel for appellant and the official court reporter that the Commonwealth had no objection to exceptions to the transcript, which we understand has the effect of approving the transcript with the exceptions deemed to be amendments thereto.

In support of his appeal appellant asserts:

### I

It is inappropriate for the Department of Transportation to revoke his operating privileges on the basis chosen by the department, when his appeal from the criminal conviction, upon which the revocation is predicated, is pending before the Superior Court of Pennsylvania.

### II

The statute granting the Department of Transportation powers of revocation without providing for prior notice and an administrative hearing denies due process and thus is unconstitutional.

## III

The statute granting the power of revocation on the grounds of certification of a guilty verdict is unconstitutional, because verdict and its certification bear no reasonable relation to the operator's ability or competency to operate a motor vehicle.

## IV

The statute granting the power to revoke on the basis chosen by the department, and the procedure employed by the department in revoking appellant's license is unconstitutional as a deprivation of due process of law and equal protection of the laws, because the Commonwealth seeks or is enabled thereby to profit from the fruits of its own wrong, namely, from a conviction obtained through the use of evidence obtained incidental to an unlawful arrest.

## V

The revocation here appealed is unlawful because of the delay which ensued between the return of the verdict and the imposition of the revocation.

Since some of the contentions asserted by appellant require greater consideration and discussion than others, we will not discuss them in the order presented by appellant.

## VI

Section 616(a) and (1) of The Vehicle Code of 1959, as amended, 75 P.S. §616(a) and (1), provides:

"(a) Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, *the secretary*

*shall forthwith revoke,* for a period of one (1) year from the date of revocation, the operating privilege of any such person: Provided, however, That if such person is serving or has served a period of suspension for the same offense under the provisions of clause (1) of subsection (b) of section 618 of this act, he shall be credited with the suspension time served against the one (1) year revocation, and where such person was convicted, or entered a plea of guilty or nolo contendere, of any one of the crimes enumerated in this section, such operating privilege shall not be restored, unless and until the fine and costs, imposed in such cases, have been fully paid. The clerk of the courts shall, when such fine and costs have been so paid in any such case, certify such fact to the Department of Revenue. Cases requiring such certification follow:

"(1) Operating a motor vehicle or tractor while under the influence of intoxicating liquor, or any narcotic or habit producing drug, or permitting any person, who may be under the influence of intoxicating liquor or narcotic or habit producing drug, to operate any motor vehicle or tractor owned by him or in his custody or control." (Emphasis supplied.)

Here appellant contends that defendant's failure to revoke his operating privileges from the date of his conviction on March 27, 1974, to May 15, 1975, renders the revocation unlawful and void. Appellant relies upon the language of section 616(a), supra, ". . . the secretary shall forthwith revoke," and the case law enunciated by the Commonwealth Court in Department of Transportation v. Hosek, 3 Pa. Commonwealth Ct. 580, 284 A. 2d 524 (1971), and Department of Transportation v. Kaufman, 3 Pa. Commonwealth Ct. 605, 284 A. 2d 838 (1971).

We cannot agree with appellant's position, for a more careful reading of section 616(a), supra, discloses the duty to "forthwith revoke" is imposed upon the secretary "Upon receiving a certified record from the clerk of the court . . ." In the case at bar the clerk certified the record of appellant's conviction on March 20, 1975, and the revocation notice was issued May 15, 1975. We do not find a time lapse of less than two months a violation of the statutory mandate.

In Department of Transportation v. Hosek, supra, the Commonwealth Court held at pages 585, 586:

"However, there is authority for the principle that mere delay is not a reason for the court to set aside the action of the Secretary suspending a license. Heller Motor Vehicle Operator License Case, 196 Pa. Superior Ct. 340, 175 A. 2d 305 (1961). But in none of the provisions of The Vehicle Code relating to suspensions is the Secretary placed under an obligation to act forthwith upon being notified of a conviction. Furthermore, in Heller, supra, not only was the operator not hurt by the delay, he caused it by dilatory tactics. Even in Heller, the court wrote: 'The mere passing of time between the convictions and the suspension, *standing alone,* is not a reason for the court to set aside the action of the secretary.' (196 Pa. Superior Ct. 340, 343, 175 A. 2d 305, 306) (Emphasis supplied) In the recent case of Commonwealth v. Criswell, 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971), the Superior Court held that delay with no showing of prejudice should not void an order of suspension. Judge Jacobs noted particularly that the operator's petition set forth no harm or prejudice."

Appellant herein alleged no harm or prejudice in his petition for appeal, and no evidence of such

harm or prejudice was introduced at the hearing.
The contention is dismissed.

## IV

If we understand appellant's contention, he here urges the Commonwealth used constitutionally tainted evidence to secure his conviction for driving under the influence, and now uses the unlawfully secured conviction as justification for depriving him of his operating privileges. Thus, the Commonwealth is unconstitutionally permitted to profit from its own wrong via the conviction and the revocation.

We understand appellant has asserted the use by the Commonwealth of constitutionally tainted evidence in his appeal from the conviction, and this issue will ultimately be ruled upon by the Superior Court of Pennsylvania. Were this a case of first impression, we would agree with appellant that his operating privileges should not be withdrawn until he has exhausted his constitutionally guaranteed right to challenge the conviction. However, as the Commonwealth urges, and appellant concedes, the Commonwealth Court has addressed itself to the issue and concluded appellant's contention constitutes an impermissible collateral attack upon the conviction and judgment of sentence in the criminal proceeding: Hunt v. Department of Transportation, 15 Pa. Commonwealth Ct. 505, 327 A. 2d 392 (1974); Civitello v. Bureau of Traffic Safety, 11 Pa. Commonwealth Ct. 551, 315 A. 2d 666 (1974).

Since the trial courts are bound to follow the guidance of the appellate courts, we must dismiss the contention.

## III

Here appellant urges the invalidity of the statute of authorizing revocation on certification on the

alternate theories that (a) the statute permits the exercise of arbitrary and capricious power by the clerks of the court, and (b) revocation for conviction of a crime involving the use of a motor vehicle has no relationship to the licensee's ability to drive. Thus, appellant contends the statute deprives him of his right to operate a motor vehicle without due process of law and is unconstitutional.

Contrary to appellant's assertion, clerks of the court in this Commonwealth have no discretionary authority whether to certify or not to certify. Section 1209 of The Vehicle Code of 1959, 75 P.S. §1209, provides, inter alia:

"(b) The clerk of any court of record of this Commonwealth, within ten (10) days after final judgment of conviction or acquittal of any of the provisions of this act, shall send to the department a certified copy of such judgment of conviction or acquittal. Certified copies of the judgment shall also be forwarded to the department upon conviction or acquittal of any person of manslaughter or other felony or misdemeanor in the commission of which a motor vehicle or tractor was used.

" . . .

"Penalty. — Any magistrate who shall violate any of the provisions of subsection (a), or any clerk of court who shall violate any of the provisions of subsection (b), or either of them, shall be guilty of a misdemeanor in office, and upon conviction thereof in a court of quarter sessions, shall be sentenced to pay a fine of not more than five hundred dollars ($500.00) and costs of prosecution, or undergo imprisonment for not more than sixty (60) days, or suffer both such fine and imprisonment.

"Failure, refusal or neglect to comply with any of the provisions of this section shall constitute mis-

conduct in office, and shall be grounds for removal therefrom."

There is no room under the law for capriciousness or arbitrariness by a clerk of the court. Therefore, the statute is not unconstitutional on these grounds.

Appellant is correct in his argument that mere conviction of a crime involving the use of a motor vehicle does not per se have anything to do with his physical or mental ability to operate a motor vehicle. However, we feel the argument begs the question and is totally irrelevant to the issues here under consideration.

In section 616(a)(1) of The Vehicle Code of 1959, supra, the legislature has with exceptional and commendable clarity mandated a revocation of operating privileges for those who operate a motor vehicle while under the influence of intoxicating liquor. Indubitably, the legislature, being mindful of the carnage on our highways created by drinking drivers, intended to remove operating privileges from those Pennsylvanians who drive while under the influence without regard to their ability to drive. We heartily applaud the obvious thrust of this legislation. On this theory we do not find any deprivation of due process, nor do we find the statute unconstitutional.

## II

Appellant here contends section 616(a)(1), supra, is unconstitutional because there is no provision in the law for prior notice of intention to revoke and for a prerevocation administrative hearing.

In support of his contention appellant cites without comment Appeal of Lechner, 56 D. & C. 2d 606, 22 Bucks 353 (1972), and Warner v. Trom-

betta, 348 F. Supp. 1068 (M.D.C. Pa. 1972), aff'd 410 U.S. 919, 93 S. Ct. 1392, 35 L.Ed. 2d 583 (1973). We have read these cases and find they do provide impressive precedents for appellant, as does Reese v. Kassab, 334 F. Supp. 744 (W.D. Pa. 1971).

However, in Commonwealth v. Grindlinger, 7 Pa. Commonwealth Ct. 347, 300 A. 2d 950 (1973), a similar question was raised, and that court concluded that the availability of a supersedeas to the suspension order and a hearing de novo before the appropriate Court of Common Pleas cures any procedural due process defects.

The contention is dismissed.

## I

Here appellant challenges the essential fairness and constitutionality of a procedure under which the Commonwealth may withdraw his operating privileges, a valuable privilege, while his appeal from his conviction for driving under the influence is pending.

It does not appear that this question has been specifically passed upon by our appellate courts, but we find that the Courts of Common Pleas of Cumberland County and Adams County in Commonwealth v. Freeman, 17 Adams 27, 25 Cumberland 137 (1975), and Commonwealth v. Raymond E. Hamilton, 202 May term 1975 (unreported), have concluded that an appeal of the conviction does not automatically act as a supersedeas preventing the Secretary from revoking operating privileges on a certification to the department. In Commonwealth v. Gary Alloway, no. 1663 C.D. 1975, Misc. Docket Vol. W., page 254, the Franklin County Branch of this court concluded, ". . . in the absence of an order staying the legislatively man-

dated action of the Secretary, it is imperative that the Secretary revoke operating privileges even though an appeal is pending in a higher court to avoid thwarting the clearly stated legislative intent." The Alloway case is now on appeal to the Commonwealth Court and, hopefully, will provide guidance for the trial courts in this uncertain area.

While appellant's arguments in support of unconstitutionality are highly persuasive, we are not convinced that the presumption in favor of the constitutionality of legislation has been overcome.

The contention is dismissed.

## ORDER

Now, June 3, 1976, the appeal of Elwood Gallagher is dismissed.

Costs to be paid by appellant.

Exceptions are granted appellant.