## Commonwealth v. Little

*Richard L. Colden, Jr.,* for Commonwealth.
*Harold B. Vikoren,* for defendant.

RUFE, *J.*, July 30, 1979—Petitioner brings this appeal to modify or set aside the action of the Department of Transportation which imposed both a six month suspension and a one year revocation as a result of appellant's motor vehicle accident which occurred while he was driving with his operating privileges revoked.

The facts are not in dispute. On February 23, 1977, appellant was convicted of violating section 1037 of The Vehicle Code then in effect.[1] As a result, his license was revoked by the Department of Transportation for a period of one year, effective June 1, 1977. On February 25, 1978, appellant, driving while his license was revoked, was involved in an accident which resulted in citations for violations of Vehicle Code 75 Pa.C.S.A. sections 3743 (leaving the scene of an accident) and 1543 (driving while privilege is suspended or revoked). Appellant pleaded guilty to these violations in March of 1978 before District Justice of the Peace Chris G. Ritter.

The Department of Transportation delayed until October 17, 1978, the mailing to appellant of notice that for violation of section 3743 his license was being suspended pursuant to section 1532(b)(1) of the Vehicle Code for a period of six months effective November 21, 1978.[2] On December 7, 1978, the Department of Transportation mailed to appellant notice that for violation of section 1543, his license was to be revoked for a period of one year effective May 21, 1979, in addition to the previously issued suspension. In the meantime, the period of appel-

1. Act of April 29, 1959, P.L. 58, sec. 1037, 75 P.S. §1037, repealed by Act of June 17, 1976, P.L. 162, sec. 7, effective July 1, 1977.

2. There is no dispute as to the validity of this suspension and, therefore, it must stand.

lant's initial revocation having expired as of June 1, 1978, the Department of Transportation restored his license effective July 13, 1978. Defendant subsequently brought this appeal alleging that he has been unreasonably prejudiced by the Department of Transportation's delay in notification of his suspension and revocation and that because of an ambiguity in the Vehicle Code, his penalty for driving while his operating privileges were revoked should be a six month suspension rather than a one year revocation.

Appellant's first argument is of no avail. The Pennsylvania Commonwealth Court has recently dealt with the delay argument in Department of Transportation, Bureau of Traffic Safety v. Morin, 30 Pa. Commonwealth Ct. 381, 373 A. 2d 1170 (1977). In construing section 606(a) of the Vehicle Code then in effect,[3] the court in Morin restated the proposition that an unreasonable delay from the date of receipt of the notice of conviction to the date of actual revocation violated the "forthwith" provision of section 616, if the violation was unduly or unreasonably prejudicial. Initially we note that neither section 1532 nor section 1543 of the current Vehicle Code (successors to section 616 of the former code) contain a "forthwith" provision. Still, the test stated by the Commonwealth Court is a relevant barometer.

Here the delays are seven and nine months, respectively, from petitioner's March convictions

---

3. Act of April 29, 1959, P.L. 58, sec. 616, as amended, 75 P.S. §616, repealed by Act of June 17, 1976, P.L. 162, sec. 7, effective July 1, 1977. Section 616 states in pertinent part that upon receiving a certified record of a conviction or plea of guilty or nolo contendere, "the secretary shall *forthwith* revoke . . ." the person's operating privilege. (Emphasis supplied.)

until his receipt of notification of the six month suspension and the one year revocation. During the first three months of that delay, appellant's operating privilege was revoked as a result of an earlier violation. Appellant's license was restored at the conclusion of the first revocation period and he continues to be in possession of his license pending determination of this appeal. Mere delay alone does not amount to prejudice: Bureau of Traffic Safety v. Lea, 34 Pa. Commonwealth Ct. 310, 384 A. 2d 269 (1978); and there are no other facts tending to support a claim of prejudice to petitioner. Certainly, there is nothing even close to the prejudice found in Department of Transportation v. Hosek, 3 Pa. Commonwealth Ct. 580, 284 A. 2d 524 (1971), where the court held prejudicial a 16 month delay coupled with the fact that the operator had taken a job as a truck driver upon having his license restored from an earlier violation, but not yet having received notice from the Department of Transportation of any penalty for subsequent violations.

We move on to appellant's statutory argument regarding penalties for driving while the privilege was revoked.

Section 1532 of the Vehicle Code[4] reads: "(b) . . . (2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions:

"Section 1501(a) (relating to drivers required to be licensed).

"Section 1543 (relating to driving while operating privilege is suspended or revoked).

"(3) This subsection does not effect an additional

---

4. 75 Pa.C.S.A. §1532.

period of revocation of the operating privileges of a driver who receives an additional period of revocation for a second or subsequent violation of section 1543."

Section 1543(b) provides: "(b) Extending existing suspension or revocation.—The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months. If the conviction was upon a charge of driving while the operating privilege was revoked, the department shall revoke the operating privilege for an additional period of one year."

Juxtaposing the above statutory sections, we share appellant's consternation in interpreting them, particularly in light of the mandate of the Statutory Construction Act that every statute be construed to give effect to all of its provisions.[5] In the instant case, appellant pleaded guilty to driving while his operating privilege was revoked. After the Department of Transportation had restored appellant's license as a result of his completion of the revocation of an earlier penalty, it sent him a notice that for violation of section 1543, his operating privileges were to be revoked for an additional year. While we cannot accept appellant's interpretation of the above statutes, we conclude nevertheless, that revocation under section 1543 must be set aside. That section provides for revocation for an "additional" period of one year. Inasmuch as the Department had restored appellant's license from the first revocation, it could not then revoke for an

---

5. Ibid, 75 Pa.C.S.A. §1543.

"additional" period of one year, but could only revoke for a new period. To hold otherwise would read the word "additional" out of the statute. Our reading is also consistent with section 1544(d) of the Vehicle Code which requires the department to extend for an appropriate period the revocation of one convicted (while under revocation) of an offense calling for revocation. The department's action in this case does not serve to extend petitioner's revocation but, in fact, imposes a new revocation which is likewise improper.

The department will not be heard to argue that the new one year revocation is additional to the six month suspension imposed for leaving the scene of an accident. Absent that six month suspension for another violation, the department would not be allowed to penalize petitioner by revoking for another year. To permit the penalty of revocation for another year to be added to the six month suspension would be tantamount to imposing an 18 month penalty for leaving the scene of an accident. This we cannot allow.

Finally, we note that it would appear that, although the department has not done so, a six month suspension under section 1532(b)(2) is mandated here. In his petition, the defendant prays for as much. Having determined that the defendant's license was improperly revoked pursuant to the notice to him of December 7, 1978, we enter the following

## ORDER

And now, July 30, 1979, defendant's appeal is hereby sustained as to the order of the Department of Transportation dated December 7, 1978, only, and the revocation imposed thereunder is hereby set aside.