Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Mark E. Coller, Appellee.

Argued April 10, 1980, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Ward T. Williams*, Chief Counsel, Transportation, and *Harvey Bartle, III*, Acting Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE ROGERS, June 3, 1981:

Mark E. Coller, the petitioner, was charged with operating his motor vehicle while under the influence of intoxicants on April 29, 1977, under Section 1037 of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended, formerly,* 75 P.S. §1037, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. On July 5, 1977, Mr. Coller was found guilty of the offense and the Bureau of Traffic Safety received notice of the conviction from the Clerk of Courts of Centre County on July 28, 1977. On January 20, 1978, the petitioner was notified that because of the conviction his license was revoked for one year pursuant to Section 616(a)(1) of the 1959 Vehicle Code.

Mr. Coller appealed, and a supersedeas was issued. After counsel for both sides stipulated the facts, the lower court sustained the appeal, as we understand its memorandum opinion, on the ground that the revocation should have been imposed only for six months, the standard of Section 1532(b) of the new Code. This appeal by the Bureau followed.

The court below decided the question just mentioned without benefit of our cases, later decided, of *Hergenrother v. Commonwealth,* 45 Pa. Commonwealth Ct. 175, 406 A.2d 575 (1979) and *Ellis v. Commonwealth,* 46 Pa. Commonwealth Ct. 383, 406 A.2d 1180 (1979) where we held that the provisions of the old Code apply to offenses which occurred while the old Code was in effect, even though the convictions occurred after the new Code went into effect on July 1, 1977. The hearing judge recognized the authority of these cases when he wrote his memorandum opinion in January, 1980.

The petitioner also argues that the more than six months' delay between his conviction and his notification of the revocation of his license is incompatible with the requirement of Section 616(a)(1) of the old Code that a license be revoked "forthwith" after conviction. We held in *Department of Transportation, Bureau of Traffic Safety v. Parr,* 56 Pa. Commonwealth Ct. 203, 427 A.2d 604 (1981), that time does not for this purpose begin to run against the Bureau until it receives the notice of conviction. The Bureau's notice was given here five months and twenty-two days after it received notice of the conviction. The petitioner's argument is without merit since under *Department of Transportation v. Hosek,* 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971) the petitioner must show both that the delay was unreasonable and that the delay caused him harm. Neither was shown here.

The petitioner's third argument is that he was denied due process because the revocation became effective twenty-one days after the date of the notice of revocation and Section 620 of the old Code allowed thirty days for the taking of an appeal from a license suspension. This argument is without merit because, as just stated, Section 620 provided the driver with thirty days from the *suspension* within which to appeal, not thirty days from the date of the notice of suspension and because also the petitioner in fact filed a timely appeal and has had uninterrupted enjoyment of his driving privileges to this writing. See *Commonwealth v. Grindlinger,* 7 Pa. Commonwealth Ct. 347, 300 A.2d 95 (1973).

Order reversed; the Bureau's order of revocation is reinstated.

### ORDER

AND Now, this 3rd day of June, 1981, the order of the Court of Common Pleas of Berks County is reversed and the Bureau of Traffic Safety's order of revocation is reinstated.