William G. Shughart, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued February 1, 1982, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Daniel Stern,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, March 29, 1982:

William G. Shughart (Appellant) has appealed from an order of the Court of Common Pleas of Perry County which affirmed the revocation of his motor vehicle operator's privileges for one year by the De-

partment of Transportation, Bureau of Traffic Safety (Bureau). We affirm.

The record[1] in this case reveals that Appellant was cited on January 21, 1977 for driving while his license was revoked. The offense occurred on January 7, 1977. The district justice's certification of disposition states that fines and costs were imposed for the offense in the amount of $210.00, which amount was paid on March 5, 1979. Notice of conviction was apparently forwarded to the Bureau following Appellant's payment of the fines and costs.[2] Appellant was sent a notice on May 7, 1979 that his operating privileges were being revoked effective June 11, 1979 for an additional period of one year as a result of his conviction. Appellant appealed the revocation to the court of common pleas which affirmed the Bureau's action.

The sole issue raised in this appeal is whether the Bureau was barred from revoking Appellant's license because the notice of revocation was sent more than two years after the offense occurred for which Appellant was later convicted.

Appellant's argument is based on Section 5553(e) of the Judicial Code, 42 Pa. C. S. §5553(e) which reads as follows:

*Disposition of proceedings within two years.* —No proceedings shall be held or action taken

---

[1] The court below approved an agreed statement of record pursuant to Pa. R.A.P. 1924; however, the original record was also certified to this Court. Since the original record is more thorough and, in instances, more accurate than the agreed statement, we have relied on the original record in reaching our decision.

[2] There is no indication in the record of a reason for the more than two year delay in the payment of the fines and costs imposed, or if they were paid in installments as asserted in Appellant's brief. We note that Section 6322 of the Vehicle Code, 75 Pa. C. S. §6322 requires that bi-monthly reports be forwarded to the Department of Transportation stating all fines collected, sentences imposed and final dispositions reached by the district justice during each period.

pursuant to a summary under Title 75 subsequent to two years after the commission of the offense.

Appellant argues that the trial court erred when it concluded that this provision limits criminal proceedings but has no affect on license revocation proceedings which are civil in nature. *Department of Transportation, Bureau of Traffic Safety v. Lea,* 34 Pa. Commonwealth Ct. 310, 384 A.2d 269 (1978).

Before we respond to Appellant's argument we must first determine whether Section 5553(e) of the Judicial Code is applicable to the instant proceedings in view of the fact that Appellant's offense occurred on January 7, 1977, well before the July 1, 1977 effective date of the new Vehicle Code, 75 Pa. C. S. §§101-9701. Section 4 of the Act of June 17, 1976, P.L. 162 provides:

*The provisions of Title 75 of the Pennsylvania Consolidated Statutes as added by this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense, under the authority of any statute repealed by this act.* (Emphasis added.)

This section has been interpreted to require that the provisions of The Vehicle Code (1959 Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §§101-2521, repealed by the Act of June 17, 1976, P.L. 162, be applied to offenses which occurred while the 1959 Code was in effect. *Department of Transportation, Bureau of Traffic Safety v. Coller,* 59 Pa. Commonwealth Ct. 448, 430 A.2d 358 (1981); *Saron v. Commonwealth,* 55 Pa. Commonwealth Ct. 477, 423 A.2d 1099 (1980); *Curtis v. Commonwealth,* 38 Pa. Commonwealth Ct. 113, 391 A.2d 1331 (1978). Since Appellant's offense occurred while the 1959 Code was in

effect, any provisions of the new Vehicle Code which were not a part of the 1959 Code cannot affect the instant case.

We note that a provision substantially the same as Section 5553(e) of the Judicial Code was first enacted in the new Vehicle Code at 75 Pa. C. S. §6302(e). Since that provision did not appear in the 1959 Code, we must conclude that Section 5553(e) cannot affect this case. This is so despite the fact that Section 5553(e) is now included in the Judicial Code rather than the Vehicle Code.

Section 1962 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1962 provides that:

> Whenever a statute is repealed and its provisions are at the same time reenacted in the same or substantially the same terms by the repealing statute, the earlier statute shall be construed as continued in active operation. All rights and liabilities incurred under such earlier statute are preserved and may be enforced.

Section 6302 of the Vehicle Code was repealed by Section 13(13) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202 and its provisions were reenacted in substantially the same terms by Section 10(65) of JARA and now appear at 42 Pa. C. S. §5553.[3] Thus, the provisions of the repealed Section

---

[3] Section 6302(e) of the Vehicle Code, 75 Pa. C. S. §6302(e) read as follows prior to its repeal:

*Disposition of proceedings within two years.*—In no event shall any proceedings be held or action taken pursuant to a summary offense under this title subsequent to two years after the commission of the offense.

A new Section 6302 was added to the Vehicle Code by Section 13(14) of JARA and provides that:

A prosecution for any offense under this title must be commenced within the period limited by Chapter 55 of Title 42 [42 Pa. C. S. §§5501-5574] (relating to limitation of time).

6302 of the Vehicle Code must be construed as continuing in active operation although they now appear at 42 Pa. C. S. §5553. Since Section 6302 as originally enacted could not affect offenses which occurred while the 1959 Code was in effect, we conclude that Section 5553 of the Judicial Code similarly cannot affect such offenses. Accordingly, we believe Section 5553(e) may not be applied to Appellant's offense which occurred while the 1959 Code was in effect

Even if Section 5553(e) could be applied to Appellant's offense, we would conclude, for the following reasons, that it does not act to bar the revocation of Appellant's operating privileges.

The object of statutory construction and interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa. C. S. §1921(a). To aid in construction the headings prefixed to divisions of a statute may be used, although such headings are not controlling. 1 Pa. C. S. §1924.

Chapter 55 of the Judicial Code, 42 Pa. C. S. §§5501-5574, carries the general heading "Limitation of Time" and subchapter C, which includes Section 5553, is entitled "Criminal Proceedings." Furthermore, Section 6302 of the Vehicle Code, 75 Pa. C. S. §6302 now provides that:

> A *prosecution for any offense* under this title must be commenced within the period limited by Chapter 55 of Title 42 (relating to limitation of time). (Emphasis added.)

The Vehicle Code contains no similar reference to Chapter 55 with regard to issuing revocation notices. In view of the format of Subchapter C of Chapter 55 of the Judicial Code, which clearly indicates that the provisions therein relate to time limitations for criminal proceedings, in addition to the cross reference to Chapter 55 in the Vehicle Code, again indicating its applicability to criminal prosecutions, we think there

can be no doubt that Section 5553(e) does not apply to limit the time within which the Bureau may act to revoke an operator's driving privileges. Furthermore, where the General Assembly has intended certain suspension notices to be issued within a limited time period, it has specifically provided those time limitations in the Vehicle Code. *See* Section 1551 of the Vehicle Code, 75 Pa. C. S. §1551. We, therefore, conclude that Section 5553(e) would not act to bar the Bureau's revocation order.

Order affirmed.

ORDER

AND Now, this 29th day of March, 1982, the order of the Court of Common Pleas of Perry County, No. 79-826, dated February 1, 1980, is hereby affirmed.