# Pa. Department of Transportation v. Gray

*Harold H. Cramer*, for Pa. Department of Transportation.
*Gary L. Gray*, pro se.

DAVENPORT, *J.*, June 28, 1985—

## HISTORY

On March 17, 1980, defendant Gary L. Gray was stopped for speeding. After making this speeding stop, the officer discovered that defendant was driving while his license was suspended. The officer then issued a citation pursuant to 75 Pa.C.S. §1543, which makes it a summary· offense for anyone to drive a motor vehicle in Pennsylvania "at a time when their operating privilege is suspended, revoked or recalled." Upon conviction the violator must pay a fine of $200 and if the person was driving with a suspended license, his operating privilege is suspended for an additional six months.

However, the officer did not present defendant with a copy of the citation for driving with a suspended license on the date of the arrest and defendant received no further notice thereof until more than four years later. Finally, in July of 1984, de-

fendant was advised that unless he paid the fines and costs relating to the citation issued on March 17, 1980, his license would be suspended forthwith. The Commonwealth sent this notice in reliance on 75 Pa.C.S. §1533, which permits the Department of Transportation, Bureau of Traffic Safety (department) to suspend the operating privilege of anyone who fails to respond to a citation for any violation of the motor vehicle code other than parking.

Sometime after the date of the citation, but well before the department dispatched the §1533 notice, defendant served his suspension and had his license restored. Defendant had also moved and no longer resided at the address given on the March 17, 1980 citation. This change is reflected on defendant's restored driver's license. Nonetheless, despite its knowledge of defendant's new address, the department sent the §1533 notice to defendant's former residence and defendant received said notice only by chance when he stopped to visit at his former address. Defendant needed a driver's license for his job. Therefore, in order to avoid a suspension, defendant remitted the proper amount to the appropriate authority on July 16, 1984.

By paying his fines and costs, defendant was, in effect, pleading guilty to the offense of driving while his license was suspended. This meant that a certified record of defendant's conviction was immediately forwarded to the department. After receiving the certified record, the department notified defendant on October 11, 1984, that his license would be suspended for six months, as per 75 Pa.C.S. §1543(c).

Defendant filed an appeal with this court on November 13, 1984, claiming that the "administrative four-year delay" constituted grounds for reversal.

After a hearing before the undersigned on January 28, 1985, the court entered an order on January 31, 1985 sustaining defendant's appeal. The Commonwealth now appeals from that order.

## DISCUSSION

The striking feature in the instant case is the Commonwealth's failure to provide defendant with either a copy or notice of the March 17, 1980 citation until July of 1984. This failure is fatal to the Commonwealth's appeal for two reasons.

First, 42 Pa.C.S. §5552(e) provides: .

"*No* proceedings *shall* be held or action taken pursuant to a summary offense under Title 75 [dealing with motor vehicles] subsequent to two years after the commission of the offense." (Emphasis added.) Obviously then, the Commonwealth had two years from the date of the citation to pursue the matter. The language of this section is mandatory. Since the Commonwealth did not move within the two-year period, it was statutorily barred from taking any action. The Commonwealth had no right to send defendant a notice threatening to suspend his operating privilege pursuant to 75 Pa.C.S. §1533, hence the notice of suspension is void.

It has been said that section 5552(e) governing summary offenses involving vehicles is only applicable to criminal proceedings and is not applicable to license-suspension proceedings which are civil in nature. Lewis v. Commonwealth, 73 Pa. Commw. 607, 458 A.2d 1053 (1983), certiorari denied 104 S. Ct. 1416, 79 L. Ed. 2d 742. Indeed, the Commonwealth argued as much and cited the cases of Shughart v. Commonwealth, 65 Pa. Commw. 480, 442 A.2d 1206 (1982), and Commonwealth v. Parr, 56 Pa. Commw. 203, 424 A.2d 604 (1981), in sup-

port of its contention. However, none of these cases is of assistance to the Commonwealth. All are readily distinguishable from the case at bar. In all of these actions, the Commonwealth had commenced proceedings against defendants well before the two-year limitations period had expired.

In Lewis, defendant was issued a citation on July 17, 1976, for failing to heed a stop sign. When defendant ignored the citation, the Commonwealth immediately suspended his license pursuant to Pa.C.S. §1533. Subsequent to the July 17, 1976 violation, defendant received four more citations for offenses occurring in Pennsylvania and Florida. Defendant failed to respond to any of these citations and the Commonwealth imposed additional suspensions for each offense. Defendant finally paid all fines and costs on May 24, 1980. The suspensions for failing to respond to the citations were lifted, but a new suspension was levied against defendant because the numerous violations had saddled him with too many "points" under 75 Pa.C.S. §1539.[1] Defendant argued that section 5552(e) prohibited the Commonwealth from suspending his license more than two years after the commission of the offense leading to the suspension. The Commonwealth Court rejected this argument and noted that the long delay between the date of defendant's offenses and the ultimate suspension of his license was caused by his own failure to respond to the traffic citations he actually had received.

In Shughart, defendant was issued a citation on January 21, 1977, for driving while his license was

------

1. Under section 1539, when any person's record shows an accumulation of 11 points or more, the operating privileges of that person must be suspended. Defendant in Lewis had accumulated 13 points.

revoked. Sometime before the passage of the two-year limitation period, defendant appeared before the district justice. However, for reasons not apparent from the record, defendant did not pay his fines and costs until March 5, 1979. Notice of conviction is not forwarded to the Commonwealth until payment of all fines, so defendant received word of an additional revocation of his license more than two years after the violation had occurred. Defendant, like the offender in Lewis, argued that section 5552(e) was a bar to the further revocation. The Commonwealth Court affirmed the revocation and stated that section 5552(e) does not apply to limit the time within which the Commonwealth may act to revoke an operator's driving privileges.

The situation in Parr differs slightly from those in Lewis and Shughart. Defendant in Parr pleaded guilty on September 28, 1977 to a charge of attempting to elude a pursuing police vehicle. A conviction for this offense leads to a six-month suspension under 75 Pa.C.S. §1532(b). However, the district justice neglected to send the Commonwealth notice of defendant's conviction until February of 1979. Thus, the Commonwealth did not notify defendant of the license suspension until March 5, 1979. Defendant argued that he was prejudiced by the 18-month delay between his plea of guilty and receipt of the notice of suspension, because in that interim he had taken a job requiring a driver's license. The Commonwealth Court considered that the relevant time period ran from when the Commonwealth received notice of the conviction to when it advised defendant of the suspension. Since this period was only one month, the Commonwealth Court held that there was virtually no delay and that the suspension must be enforced.

From the above discussion one can readily discern the difference between Lewis, Shughart, Parr and the instant case. In the former actions, the Commonwealth proceeded well within the pertinent limitations period. In this situation the Commonwealth did nothing for over four years. There is also the fact that in Lewis defendant himself was responsible for the delay in the imposition of the license suspension; the same might be said of defendant in Shughart. Here, however, the lengthy delay cannot be attributed to defendant. Defendant did not pay the fines and costs from the March 17, 1980 citation because the Commonwealth never gave him a copy. It was not defendant's doing that four and one-half years elapsed before the Commonwealth suspended his license.

One should also keep in mind that, although it had reason to know of a change in defendant's address, the Commonwealth still sent a §1533 notice to defendant's previous residence, which notice defendant received strictly by chance.

The Commonwealth Court in Lewis and Shughart was faced with the question of whether it was proper for the Commonwealth to impose a license suspension or revocation more than two years after the occurrence of the offense which gave rise to the suspension. It was held in both instances that this was permissible because the Commonwealth had not delayed in fixing a penalty once it had received notice of conviction. The Commonwealth Court in those cases was not concerned — as the court is here — with a situation where the *Commonwealth did not act* to suspend defendant's license until over four years had passed from the date of his alleged violation. In the latter circumstance, it is this court's opinion that any proceeding by the

Commonwealth is time barred by the provisions of 42 Pa.C.S. §5552(e).

However, should it be found that the limitations period is inapplicable to the instant situation, the court has a second, equally compelling reason why the Commonwealth's appeal must fail. In its January 31, 1985 order, the court made reference to Commonwealth v. Lewis, 506 Pa. 96, 484 A.2d 370 (1984). Lewis involved a license suspension resulting from the accumulation of penalty points. Defendant was convicted of speeding on March 24, 1980 and was assessed three penalty points for this offense. This raised defendant's point total to seven and brought him within the parameters of 75 Pa.C.S. §1538(c).

Under section 1538(c) defendant must attend a hearing to determine whether his operating privileges should be suspended. Suspension of the license is entirely within the discretion of the Commonwealth. Following a hearing, defendant was informed by notice dated October 14, 1980, that his license was to be suspended for 30 days.

Defendant appealed this decision, claiming that the notice of suspension was not issued within six months of the date of the conviction as required by 75 Pa.C.S. §1551.[2] The Commonwealth argued that section 1551 applied only to suspensions which were mandatory under 75 Pa.C.S. §1539, not to the discretionary suspensions provided for by section 1538. The Pennsylvania Supreme Court agreed with defendant and held that the notice of suspen-

---

2. Section 1551 directs that notification of suspension must be made within six months following the conviction that resulted in the addition of sufficient points to cause the suspension.

sion must be given within six months of the date of the conviction which resulted in the addition of points sufficient to cause the suspension. This holds whether imposition of the suspension is mandatory or discretionary.

The Lewis case, in a strict sense, is not on point because it deals with a suspension under the point system. Nevertheless, as the court noted in its January 31 order, the *rationale* behind Lewis is applicable to the case at hand. Webster's Third New International Dictionary (Unabridged 1981 by G. & C. Merriam Co.) defines "rationale" as an "underlying reason." When one looks beyond the fact that Lewis concerned the point system, one can see that the "underlying reason" for the Supreme Court's decision is that the Commonwealth took too long to impose a license suspension on defendant.

Before the decision in Lewis it was unclear how much time the Commonwealth had to impose a license suspension where such imposition was up to its discretion. The Supreme Court used the six-month limitations period set out in 75 Pa.C.S. §1551 as a guide in concluding that all point system suspensions must be given within six months of the date of the relevant conviction. It is submitted that one can utilize the two-year limitation of 42 Pa.C.S. §5552(e) in the same manner. That is, where a license suspension may result from a conviction in a summary offense, it is not necessary that the Commonwealth actually suspend the license within two years of the time the violation occurred, but it is *imperative* for the Commonwealth to institute criminal proceedings within two years of that date. A period of much more than two years would appear to this court to be an unconscionable delay on the part of the Commonwealth.

Coupled with the notion of a two-year limitations period are other reasons why the Commonwealth's appeal should be dismissed. As mentioned previously, the Commonwealth tarried more than four years before taking any action on defendant's citation. In the meantime, defendant served a previous suspension and reacquired his operating privileges. It can certainly be said that the Commonwealth lulled defendant into a false sense of security. Then, when it did move, the Commonwealth sent the notice of suspension to an incorrect address. This error is inexcusable since the Commonwealth had defendant's correct address.

As per the rationale of Lewis, the Commonwealth must act expeditiously. Here, the Commonwealth displayed no interest in the matter for a considerable span of time. Then, for some inexplicable reason, the Commonwealth revived the case and now seeks to penalize defendant for its own ineptitude. This court considers this unjust.

## CONCLUSION

The purposes and policies underlying statutes of limitations are the stimulation of the prompt pursuit of legal rights and the avoidance of inconvenience and prejudice resulting from deciding stale cases on stale evidence. Dudley v. W.C.A. (Marple Township), 80 Pa. Commw. 233, 471 A.2d 169 (1984). These purposes and policies permeate the legal system and limitations periods exist in diverse forms applicable to various criminal matters as well as to civil matters.

Some are creatures of statute, such as the "180-day rule" of Pa.R.Crim.P. §1100, while others remain adjuncts of the common law, such as laches in equity.

In this case the Commonwealth wishes to avoid the effect of a limitations period. In doing so, the Commonwealth is attempting to undermine what heretofore has been considered sound policy. The court does not understand why a summary offense leading to a license suspension so differs from any other action as to be free of a limitations period. Inconvenience, prejudice and stale evidence will be problems in this instance just as much as in any other if the claim is not prosecuted diligently.

The Commonwealth does not have an unlimited time in which to take action against an individual charged with the commission of a summary offense under the motor vehicle code. Either the two-year period of 42 Pa.C.S. §5552(e) is applicable here in a strict legal sense or it is applicable by analogy as per the rationale of Commonwealth v. Lewis, supra. The Commonwealth had two years from the date of the alleged offense to apprise defendant of his situation. Since the Commonwealth did not meet this deadline, it cannot proceed against defendant at a later date. The court holds that the Commonwealth was without authority to suspend defendant's license.